87    475
195    433

</div>

WM. WILLVERDING, Appellant, v. R. E. OFFINEER et al., Appellees.

Mechanic's Lien: CONTRACT WITH ONE NOT OWNER OF PREMISES: PERSONAL LIABILITY. Where premises were purchased by a daughter, with her own means, and title taken in her own name, but at the instance and for the use of her father and mother, who were conceded to have a right to do with the property anything that the daughter might have done, *held*, that the father had such an interest

in the property, and such power to deal with it, as authorized him to contract for the construction of an addition thereto, and to make the property liable for materials furnished therefor in reliance upon the property as security, with the knowledge of the daughter, and without any expression of disapproval on her part; but that the daughter would not be personally liable therefor.

*Appeal from Shelby District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, JANUARY 31, 1893.

ACTION in equity to recover the value of building materials sold, and to establish and enforce a mechanic's lien. There was a hearing on the merits, which resulted in a decree in favor of the plaintiff as against the defendant F. M. Offineer, and against the plaintiff and in favor of the defendant R. E. Offineer. The plaintiff appeals.—*Reversed.*

*Benj. I. Salinger*, for appellant.

No appearance for appellee.

ROBINSON, C. J.—In October, 1889, the defendant R. E. Offineer purchased lot numbered 1 in block numbered 7 in Earling. At that time she was in Manning, and the business was transacted on her part by her mother, with the assistance of her father, the defendant F. M. Offineer. About the first of the next December the father purchased of the plaintiff lumber and other building materials to the amount of three hundred and forty-five dollars and thirty-two cents, which were used in constructing an addition to the building which then stood upon the lot. A statement and claim for a mechanic's lien as against the father was duly filed, but afterwards, learning that the daughter owned the lot, a similar statement and claim against her was filed. The petition alleges that when the materials were purchased the father represented

that he owned the property, and that the materials were furnished to him in good faith, his representation being relied on as true; that the daughter and her agent, the mother, knew that the materials were furnished by the plaintiff in good faith for the improvement of her lot; that her father had no means with which to pay for the materials so furnished; and that the daughter, with knowledge of all these facts, made no objection to the plaintiff on account of the improvement of her property, and that she is now estopped to deny responsibility therefor to the plaintiff. The answer of the father admits that he made the purchase alleged in the petition. The answer of the daughter denies all liability on her part for the materials in question. The district court dismissed the petition as against the daughter, and rendered judgment against the father for the amount of the plaintiff's claim.

The evidence shows that the lot and house thereon were purchased at the instance and for the use of the father and mother. The mother was authorized by the daughter to select and purchase a place for the latter, and to do so before she saw it. She testifies that her father and mother had a right to do with the property anything she could have done. The mother and daughter at first opposed the building of the addition, which was designed for use as a hall, but appear to have withdrawn opposition to it. The mother states that she "had to give up." The mother and daughter were present when the materials were furnished, and while the addition was being constructed, but made no objection to anything that was done. The addition has added three hundred dollars or more to the value of the lot. The father managed the property, and at his instance the daughter procured a policy of insurance on the building to secure the claim of the plaintiff. She says she does not call the addition her property. It further appears that the plaintiff did not sell the

materials upon the credit of the father, but relied upon the property as security.

We are of the opinion that the facts proved show that the father had such an interest in the property, and such power to deal with it, as authorized him to contract for the addition, and make the property liable for it. Certainly that would have been within the power of the daughter. She not only says that her father had the right to do with her property anything which she could have done, but she knew that building materials were furnished for the improvement, and witnessed its construction, without making any sign of disapproval to the plaintiff, although she was chargeable with knowledge of the fact that he relied upon the entire property as security for the payment of the price of the materials he furnished. She knew that she had given to her father power to use and control the property as though it were his own, and that the plaintiff had reason to believe that he had a right to so contract as to make the property liable for the materials in question. If she desired to revoke that power it was her duty to do so before the plaintiff had executed the agreement on his part. She is now bound by the act of her father, authorized and acquiesced in by herself. See *Miller v. Hollingsworth,* 36 Iowa, 163; *Frank v. Hollands,* 81 Iowa, 164, 169; *Estabrook v. Riley,* 81 Iowa, 479, 480. But the daughter did not clothe her father with the power to contract in her name, nor to bind her personally for materials which he procured, and there is no personal liability on her part for them.

The plaintiff is entitled to a decree establishing and foreclosing his lien against the lot in question, including the buildings thereon, but not to a personal judgment against the daughter. Although an appeal was taken from the entire decree, no objection is made to so much of it as is against the father. A decree will

be entered in this court in harmony with this opinion, or the plaintiff may, at his option, have the cause remanded for such a decree in the district court. REVERSED.