**W.P. BARBER LUMBER COMPANY, Appellee,**

v.

**Elizabeth CELANIA, Appellant.**

No. 02–1455.

Supreme Court of Iowa.

Nov. 13, 2003.

Rehearing Denied Jan. 16, 2004.

Ed Skinner and R. Bradley Skinner of Skinner Law Office, P.C., Altoona, for appellant.

Bruce Nuzum of Matthias, Campbell, Tyler, Nuzum & Rickers, Newton, for appellee.

STREIT, Justice.

A contractor, hired to build a new house, walked off the job and left his subcontractor unpaid. The subcontractor filed a mechanic's lien against the owner's house and land. After the district court ordered the lien foreclosed and the owner to pay the subcontractor's attorney fees, the subcontractor tried to garnish the owner's wages. The district court held the subcontractor could not garnish the owner's wages to satisfy the amount of the lien. The owner appeals the district court's award of attorney fees and the subcontractor cross-appeals the ruling it could not garnish the owner's wages. Because the subcontractor did not furnish materials directly to the owner, we reverse the district court's award of attorney fees. Because we find the owner is not personally liable to the subcontractor, we affirm on cross-appeal.

## I. Facts and Procedural Background

Elizabeth Celania hired Guy Poe & Sons Construction to build her a house in Monroe, Iowa. W.P. Barber Lumber Company, Inc., a subcontractor, supplied Poe materials for the construction of Celania's home. Several months after construction began, a dispute arose between Celania and Poe. Poe quit the job but did not pay Barber Lumber for the materials it had furnished.

There was no contract between Celania and Barber Lumber. In order to collect what it was owed, Barber Lumber filed a mechanic's lien against Celania's real property in Monroe. *See* Iowa Code § 572.2(1) (2001) (entitling a subcontractor who furnishes material for a new home to a lien against the building and the property on which it is situated, "to secure payment for the material ... furnished...."). After

Celania filed a written demand for foreclosure, Barber Lumber brought suit on the lien. *See id.* § 572.28 (on written demand, an owner may compel lienholder "to commence action to enforce the lien" or forfeit rights thereunder).

After a trial, the district court determined the mechanic's lien could be enforced in the amount of $18,007.07 plus interest. The court ordered the mechanic's lien be foreclosed, and the Celania property sold to satisfy the judgment. The court also taxed costs to Celania and awarded Barber Lumber $6250.00 in attorney fees.

Celania appealed. Barber Lumber subsequently sought to garnish Celania's wages until the total sum of $25,918.70 was paid in full. Celania filed three post-trial motions, in which she contended the district court's judgment of foreclosure on the mechanic's lien was *in rem* not *in personam*. Celania argued Barber Lumber had no right to garnish her wages, because the judgment of foreclosure was not a personal judgment. The district court agreed, in part, with Celania, and ruled its prior judgment was only partially a personal judgment against Celania. The court held Barber Lumber's interest in the property itself ($18,007.07 plus interest) was a judgment *in rem*, i.e., is against the property and does not contemplate personal liability of the owner, but ruled Celania was personally liable for attorney fees and costs. Barber Lumber filed an appeal, which we consolidated with Celania's prior appeal.

We are thus presented with two questions: 1) Does a judgment of foreclosure on a mechanic's lien render an owner personally liable to a subcontractor? and 2) Did the district court err in awarding Barber Lumber attorney fees?

## II. Scope of Review

An action to enforce a mechanic's lien is in equity. Iowa Code § 572.26. Our re-

view, therefore, is de novo. Iowa R.App. P. 6.4; *Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 14 (Iowa 2001). We "giv[e] weight to the fact findings of the trial court, but [are] not bound by them." Iowa R.App. P. 6.14(6)(*g* ).

### III. The Merits

### A. Nature of a Judgment of Foreclosure on a Mechanic's Lien

Barber Lumber argues the district court erred in refusing to hold Celania personally liable. Barber Lumber contends a mechanic's lien foreclosure is no different than an ordinary mortgage foreclosure, and thus should result in personal liability. Barber Lumber points to prior cases in which we stated that enforcement of a mechanic's lien is not truly an action *in rem*, or against the property, but rather must be commenced against a named defendant. *See, e.g., Redman v. Williamson*, 2 Clarke 488, 490 (Iowa 1856) ("The action for a mechanic's lien, is not a proceeding against the property.... It must be against some person by name, as defendant...."); *Soc'y Linnea v. Wilbois*, 253 Iowa 953, 959, 113 N.W.2d 603, 607 (1962) ("Its enforcement is not an action in rem; it must be commenced against a defendant by name...."). From these statements and several portions of Iowa Code chapter 572, Barber Lumber contends foreclosure of a mechanic's lien results in personal liability against the owner of the property in question.

■ We reject these arguments. A judgment of foreclosure on a mechanic's lien is not a personal judgment. *See Capitol City Drywall Corp. v. C.G. Smith Constr. Co.*, 270 N.W.2d 608, 613 (Iowa 1978) (in action to foreclose mechanic's lien, no basis for personal judgment against owner); *Willverding v. Offineer*, 87 Iowa 475, 478–79, 54 N.W. 592, 593 (1893) (in the absence of a contract with

owner, mechanic's lien does not impose personal liability). "The [mechanic's lien] statute does not impose personal liability on the owner for the amount of the lien, but rather limits the remedy of the lien-holder to foreclosure of the lien and sale of the owner's property interest." Roger W. Stone, *Mechanic's Liens in Iowa*, 30 Drake L.Rev. 39, 44 (1980) (footnote omitted).

Cases such as *Redman* and *Society Linnea* merely stand for the principle that

> An action on a mechanic's lien is an action on a contract.... An action for foreclosure of a mechanic's lien must be referable to a contract binding some person who has a beneficial interest in the property. A claim against the property in the absence of such a contract could not be maintained.

Roger W. Stone, *Mechanic's Liens in Iowa—Revisited*, 49 Drake L.Rev. 1, 4–5 (2000) (citing *Soc'y Linnea*, 253 Iowa at 959–60, 113 N.W.2d at 606–07 and *Northwestern Nat'l Bank of Sioux City v. Metro Ctr., Inc.*, 303 N.W.2d 395, 401 (1981)) (internal quotations omitted). *See, e.g., Redman*, 2 Clarke at 490 (dismissing mechanic's lien judgment "against house" where contract was made with individual who had no interest in the land); *Soc'y Linnea*, 253 Iowa at 959, 113 N.W.2d at 607 (mechanic's lien improper where agreement was made with someone who did not have, or represent to have, a *present* beneficial interest in the property). In the present case, the requisite agreement was between Poe, the contractor, and Celania, the owner of the house and land.

*Redman* and *Society Linnea* do not justify the conclusion a judgment of foreclosure of a mechanic's lien is *in personam*, in the sense that the named defendant is personally liable. The mechanic's lien only attaches to the real property on which the

benefit was conferred, even though the action is not pleaded against the property, i.e., it is not styled *in rem.* Iowa Code section 572.5, a section of the mechanic's lien statute entitled "Extent of Lien," states:

> [T]he entire land upon which any building or improvement is situated, including that portion not covered therewith, shall be subject to a mechanic's lien to the extent of the interest therein of the person for whose benefit such material was furnished....

*See also* Iowa Code § 572.8 ("A person shall perfect a mechanic's lien by filing with the clerk of the district court of the county in which *the building, land, or improvement to be charged with the lien* is situated, ..." (emphasis added)).[1] The mechanic's lien statute does not expressly provide that a judgment of foreclosure on a mechanic's lien is a personal judgment. Instead, "[t]he mechanic's lien is a statutory security device. It may be defined as a statutory charge *imposed upon real property* in favor of one who has furnished labor or material for its improvement." Note, *Owners' Liability to Subcontractors Under the Iowa Mechanic's Lien Law,* 47 Iowa L.Rev. 144, 144 (1961) (emphasis added, footnotes omitted).

When we remarked in *Redman* and *Society Linnea* that an action to enforce a mechanic's lien is not an action *in rem,* we were simply pointing out a plaintiff may not file an action against the property absent a showing of "an agreement with an owner, or one who at that time had an estate or interest in the land." *Soc'y Linnea,* 253 Iowa at 959, 113 N.W.2d at 607; *see also Redman,* 2 Clarke at 490 ("If there has been no contract with the owner of the land, no lien can attach by virtue of the labor done, or materials furnished, in

the erection of a house upon it."). This requirement devolves from the ultimate principle that "[s]ome beneficial ownership in real property by one who receives the benefit of labor and material under a contract, express or implied, has always been held a necessary element to the establishment of a mechanic's lien in Iowa." *Soc'y Linnea,* 253 Iowa at 958, 113 N.W.2d at 606 (citations omitted); *see* Note, *Owner's Liability to Subcontractors Under the Iowa Mechanic's Lien Law,* 47 Iowa L.Rev. at 146 ("Such a contract or consent serves as a foundation for the subcontracts and the resulting right of subcontractors to establish liens against the property."). Thus, we have refused to enforce a mechanic's lien where the named defendant did not have title to, or any present beneficial interest in, the land. *Soc'y Linnea,* 253 Iowa at 959, 113 N.W.2d at 607; *Redman,* 2 Clarke at 490–92. These cases do not support the conclusion that a judgment of foreclosure on a mechanic's lien is a personal judgment.

Of course, an owner "who has contracted for an improvement under chapter 572 ... may encounter personal liability to the contractor for breaches of the construction contract." Roger W. Stone, *Mechanic's Liens in Iowa,* 30 Drake L.Rev. at 90. Absent privity, however, a subcontractor may not garnish an owner's wages to satisfy a judgment of foreclosure on a mechanic's lien. Such is the difference between a mechanic's lien and an ordinary mortgage foreclosure. In practice, however, even though "the statute does not provide for the personal liability of an owner ... this benefit is seldom of much consequence to the owner who wants to keep its property or improvement." *Id.*

---

1. For an example of an action styled *in rem,* see *State v. $10,000 Seized from Mary Patrick,* 562 N.W.2d 192 (Iowa Ct.App.1997) (forfeiture action).

■ In the present case, Barber Lumber named Celania the defendant in the action to foreclose the mechanic's lien, because Celania had both a contract with Poe and a beneficial interest in the property. In this limited respect, the mechanic's lien foreclosure is not truly a proceeding *in rem*. But the judgment cannot impose personal liability, and is not, in this sense, *in personam*. The parties agree there is no privity of contract between them.

Our decision today accords with the weight of authority.

> There must be a contractual relation established between the owner of the property and the lienor to support a personal judgment against the owner in an action for foreclosure of the lien ... a subcontractor or supplier who is not in privity of contract with the owner generally may not obtain a personal judgment against the owner.

53 Am.Jur.2d *Mechanic's Liens* § 447, at 434 (1996) (footnotes omitted). The highest courts of jurisdictions with similar statutes have reached the same result. *See, e.g., Harbridge v. Six Points Lumber Co.,* 17 Ariz. 339, 152 P. 860, 863 (1915); *Brannan Sand & Gravel Co. v. Santa Fe Land & Improvement Co.,* 138 Colo. 314, 332 P.2d 892, 895 (1958); *Pierson v. Sewell,* 97 Idaho 38, 539 P.2d 590, 595–97 (1975); *Pendleton v. Sard,* 297 A.2d 889, 893 (Me. 1972); *Keeley Lumber & Coal Co., Inc. v. Dunker,* 76 S.D. 281, 77 N.W.2d 689, 692 (1956).

To hold otherwise would wreak havoc upon the well-defined and long-established legal relationships amongst owners, contractors, and subcontractors. If a judgment of foreclosure of a mechanic's lien were construed to be a personal judgment against the owner, it would, in essence, elevate the relationship between Barber Lumber and Celania to a contractual one without there having been a contract between these parties. This would, by operation of law, elevate a subcontractor into a contractual relationship with an owner who it may not have ever met or known.

The district court ruled Celania remained personally liable for costs and attorney fees. For the reasons discussed below, we find Barber Lumber was not entitled to attorney fees. We do not, therefore, reach the issue of whether an award of attorney fees in an action to foreclose a mechanic's lien constitutes a personal judgment.

### B. Attorney Fees

■ As a general rule, an award of attorney fees is not allowed unless authorized by statute or contract. *In re Marriage of Rosenfeld,* 668 N.W.2d 840, 848 (Iowa 2003). In this case, the district court awarded Barber Lumber $6250 in attorney fees. Our present mechanic's lien statute states, in part,

> In a court action to enforce a mechanic's lien, if the plaintiff furnished labor or materials *directly* to the defendant, a prevailing plaintiff may be awarded reasonable attorney fees.

Iowa Code § 572.32(1) (emphasis added). Celania urges us to reverse the district court's award of attorney fees, because Barber Lumber, a subcontractor, did not *directly* furnish material to Celania.

Barber Lumber contends Celania failed to preserve error on this issue. We disagree. In her answer Celania denied Barber Lumber's request, in its petition, for an award of attorney fees pursuant to chapter 572. The district court ruled in Barber Lumber's favor. It granted Barber Lumber attorney fees pursuant to section 572.32(1). Error was preserved.

We have not heretofore had occasion to decide the meaning of "directly" in Iowa

Code section 572.32(1).[2] Celania contends, in essence, "directly" is legislative shorthand for privity of contract. Celania points out there is no privity of contract between Barber Lumber and Celania. Celania also maintains Barber Lumber did not prove materials were provided directly to Celania, as opposed to indirectly through Poe.

Barber Lumber, in turn, contends the statute uses the word "directly" not "privity of contract," and we should not equate one with the other. Barber Lumber argues the attorney fee statute should protect a local lumber provider who visibly hauls materials to the jobsite, as opposed to others who do not do so.

■ Where reasonable minds may disagree over the meaning of a word in a statute, the statute is ambiguous. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.,* 606 N.W.2d 376, 379–80 (Iowa 2000). We think section 572.32(1) is ambiguous.

■ If a statute is ambiguous, we apply relevant rules of statutory construction. *Id.* at 380. "When construing the statute, we read the language used, and give effect to every word." *Id.* "We presume the legislature intended a reasonable result, not an absurd one." *In re Estate of Thomann,* 649 N.W.2d 1, 4 (Iowa 2002) (citing *State v. Iowa Dist. Ct.,* 616 N.W.2d 575, 578 (Iowa 2000)). We also construe a statute in its entirety. *Waterloo Cmty. Sch. Dist. v. Pub. Employment Relations Bd.,* 650 N.W.2d 627, 632 (Iowa 2002).

■ Applying these rules, we think the legislature's specific use of "directly" in our mechanic's lien statute is legislative shorthand for a requirement the two parties must have a contractual relationship with one another. In order to give effect to the word "directly," some distinction must be intended in favor of those furnishing labor or materials "directly" to the defendant. Celania argues the distinction must be clearly drawn on contractual lines, whereas Barber Lumber seems to suggest physical delivery as the point of demarcation.

Even if we were to accept Barber Lumber's definition of "directly," it has failed to prove its case, for two reasons. First, as argued in its brief, Barber Lumber's allegations, if accepted, only show it furnished material directly to the Celania home at Poe's request. The statute, however, permits an award of attorney fees only where "the plaintiff furnished labor or materials directly *to the defendant,*" not her future home. Iowa Code § 572.32(1) (emphasis added). As our discussion regarding personal liability for a judgment of foreclosure of a mechanic's lien indicated, the difference between the named defendant and the property to which the lien attaches is an important one. *See, e.g., Redman,* 2 Clarke at 490 ("The action for a mechanic's lien, is not a proceeding against the property.... It must be against some person by name, as defendant...."). The language used in Iowa Code section 572.32(1) sharply contrasts with other provisions of the statute. *Compare* Iowa Code § 572.32(1) (permitting an award of attorney fees to a prevailing plaintiff which "furnished labor or materials directly to the defendant"), *with* Iowa Code § 572.2 (entitling "[e]very person who shall furnish any material or labor for,

**2.** We have awarded attorney fees to a subsubcontractor who was neither in privity of contract nor furnished labor or material directly to the defendant. *See, e.g., Baumhoefener Nursery, Inc. v. A & D P'ship, II,* 618 N.W.2d 363 (Iowa 2000). In *Baumhoefener,* however, the meaning of "directly" in Iowa Code section 572.32 apparently went unchallenged.

or perform any labor upon, any building or land for improvement ..." to a mechanic's lien).

Second, the limited evidence in the record shows Barber Lumber furnished materials directly to Poe, and only indirectly to Celania or her property. As Celania points out, the invoices for the materials, which appear in the record, were made out to Poe, not Celania. Although Barber Lumber contends it delivered materials to the jobsite, inspection of the invoices reveals 1) most contain an empty space in the blank for "Address," but when filled in, more invoices list Albia (Poe's place of business) than Monroe (the location of the house being built); 2) almost every invoice has its "Loaded By" and "Driver" entries blank; 3) many of the purchases were quite small; and 4) some invoices contain purchases which are mixed with credits for returns or costs for materials which were not furnished to the Celania home. Given all these facts, it seems more likely Poe, not Barber Lumber, delivered many of the items to the Celania home.

At any rate, requiring courts to determine to what extent materials were physically delivered to the defendant demonstrates the difficulty of Barber Lumber's argument: presumably, if some loads of lumber were delivered directly and others indirectly, a court using a physical-delivery test would be required to apportion attorney fees accordingly. Yet the legislature made no provision for apportionment in chapter 572.

Fortunately, a more reasonable interpretation is available. When we look at other sections of the statute, we find the legislature negatively defined the term "subcontractor" as one not "having *contracts ... directly* with the owner, the owner's agent or trustee." Iowa Code § 572.1(5) (emphasis added). Given this contractual use of "directly" in the defini-

tional portion of the statute, we conclude the use of "directly" in the attorney fees section of the statute should be construed as legislative shorthand for privity of contract. Barber Lumber is not, therefore, entitled to an award of attorney fees.

Barber Lumber asks us to remand to the trial court for an award of appellate attorney fees, if it prevails on appeal. Iowa Code § 572.32(1); *see Schaffer*, 628 N.W.2d at 23 (concluding prior version of statute, which mandated an award of attorney fees to a successful plaintiff, also permitted an award of appellate attorney fees). Because Barber Lumber did not furnish materials directly to the defendant and did not prevail in this appeal, we do not award attorney fees.

## IV. Conclusion

The district court correctly held Barber Lumber's judgment of foreclosure on its mechanic's lien is not a personal judgment against Celania. Because attorney fees are not allowed in these circumstances, we do not address the issue of whether an award of attorney fees and costs in an action to foreclose a mechanic's lien constitutes a personal judgment. Since Barber Lumber failed to prove it furnished materials directly to Celania, we reverse the district court's award of attorney fees.

**REVERSED ON APPEAL; AFFIRMED ON CROSS–APPEAL.**

All justices concur except WIGGINS, J., who takes no part.