FNBC IOWA, INC., Plaintiff–Appellee,

v.

The JENNESSEY GROUP, L.L.C., Jeff Hennessey and Scott Jennings, Defendants–Appellants.

No. 07–1883.

Court of Appeals of Iowa.

Dec. 17, 2008.

Robert M. Hogg and Patrick M. Roby of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellants.

Kimberly H. Blankenship and Timothy Hill of Bradley & Riley, P.C., Cedar Rapids, for appellee.

Heard by VOGEL, P.J., and MAHAN and MILLER, JJ.

VOGEL, P.J.

Jeff Hennessey and Scott Jennings appeal from the district court's ruling, which ordered them to pay attorney fees to FNBC Iowa, Inc. (FNBC). Because we conclude the contracts between the parties, and more specifically the indemnification clauses, did not authorize the award of attorney fees, we reverse and remand.

## I. Background Facts and Proceedings

FNBC is a business brokerage firm that assists in the purchase and sale of businesses. Prior to June 2005, Jennings was an independent contractor with FNBC and Hennessey was a business broker who owned a fifty percent interest in the company. Both Hennessey and Jennings had signed similar contracts with FNBC that contained an indemnification provision, which stated:

> [Associate/Partner] hereby agrees to indemnify, defend, and hold harmless FNBC from and against any and all losses, costs, claims, liability, damage or expense arising out of [Associate's/Partner's] performance of his/her duties under this agreement or any other act or conduct of [Associate/Partner] imputed or imputable to FNBC. [Associate/Partner] has no right or authority, express or implied, to bind FNBC on any contract or other commitment or by any written or verbal representation by the [Associate/Partner] until the same is agreed to and approved in writing by FNBC.
>
> . . .
>
> FNBC hereby agrees to indemnify, defend, and hold harmless [Associate/Partner] from and against any and all losses, costs, claims, liability, damage or expense arising out of FNBC's performance of its duties under this agreement or any other act or conduct of FNBC

imputed or imputable to [Associate/Partner]. FNBC has no right or authority, express or implied, to bind [Associate/Partner] on any contract or other commitment or by any written or verbal representation by FNBC until the same is agreed to and approved in writing by [Associate/Partner].

In June 2005, Hennessey and Jennings left FNBC and formed the Jennessey Group, a competing business with FNBC. Shortly after their departure, the remaining owners of FNBC became suspicious that Hennessey and Jennings had copied confidential materials, namely ACT data that compiled contact leads and past buyer and seller information. FNBC filed suit seeking damages for breach of contract, conversion, fraud, misappropriation of trade secrets, and securities fraud. Additionally, FNBC sought a declaratory judgment and permanent injunction. Hennessey and Jennings counterclaimed for commissions they alleged FNBC owed them.

Following a two-day trial, both parties moved for a directed verdict. The district court found that although Jennings had copied ACT data from the FNBC computer network, the information had never been used by Jennessey and had been destroyed. The district court denied FNBC's claims for damages for breach of contract, conversion, fraud, misappropriation of trade secrets, and securities fraud. However, pursuant to the breach of contract claim, the district court found that "although there is no express grant of attorney fees in the contracts," the indemnity provision of the contracts permitted recovery of attorney fees:

> [T]he indemnification clauses contained in the Independent Contractor Agreements of both Jennings and Hennessey state that each "hereby agrees to indemnify, defend, and hold harmless FNBC from and against any and all losses, costs, claims, liability, damage or ex-

pense arising out of [Associate's or Partner's] performance of his/her duties under this agreement." The Court finds that this language is sufficient to permit recovery of reasonable and proper legal costs and expenses.

. . .

[T]he court finds that an amount of $55,000 more properly reflects a reasonable assessment of attorney fees in a case such as this, and therefore awards FNBC $55,000 for its attorney fees under the indemnification clause of the Independent Contractor Agreements.

Additionally, the district court issued a declaratory judgment and permanent injunction that prohibited Hennessey, Jennings, and the Jennessey Group from using the ACT data. Finally, the district court ordered FNBC to pay $13,750 to Hennessey and $13,750 to Jennings for unpaid commissions they had earned. Hennessey and Jennings appeal and assert that the district court erred in awarding attorney fees.

## II. Scope of Review

■ Our review of an award of attorney fees is for errors at law. Iowa R.App. P. 6.4; *See Miller v. Rohling*, 720 N.W.2d 562, 567, 573 (Iowa 2006) (reviewing for errors at law whether the district court was authorized to award attorney fees).

## III. Attorney Fees

■ Hennessey and Jennings assert that the award of attorney fees was improper because the contract did not expressly authorize payment of attorney fees. Generally, attorney fees are not allowable unless authorized by statute or contractual agreement. *W.P. Barber Lumber Co. v. Celania*, 674 N.W.2d 62, 66 (Iowa 2003). Iowa Code section 625.22 (2005) authorizes a court to award attorney fees in an action where "judgment is re-

covered upon a written contract containing an agreement to pay an attorney's fee." A written contract must contain a clear and express provision regarding attorney fees and litigation expenses in order for a court to be authorized to add attorney fees and litigation expenses to a favorable judgment. *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 301 (Iowa 2000). However, as the district court acknowledged, the contracts between FNBC and Jennings and Hennessey do not contain language expressly authorizing the award of attorney fees. *See, e.g., EFCO Corp.*, 606 N.W.2d at 301 (an award of attorney fees was proper where a contract provision allowed for recovery of "all charges and expenses, including reasonable attorney fees"); *Berryhill v. Hatt*, 428 N.W.2d 647, 657 (Iowa 1988) (an award of attorney fees was proper where a contract provision allowed recovery "of reasonable costs and attorney fees").

Rather, the district court found that the award of attorney fees is authorized pursuant to the indemnification clauses in the contracts. Both the district court and FNBC on appeal cite to *Bunce v. Skyline Harvestore Sys., Inc.*, 348 N.W.2d 248 (Iowa 1984). *Bunce* involved an injured plaintiff who filed suit naming as co-defendants the dealer and the manufacturer of a product. *Id.* at 249. One co-defendant sought indemnification for the "costs of defense" from the other co-defendant. *Id.* Our supreme court held that:

As a general rule an indemnitee is entitled to recover, as part of the damages, reasonable attorney's fees, and reasonable and proper costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified, provided that under the circumstances of the case he acts in good faith and with due diligence in prosecuting or

defending such suits. This rule is especially applicable where the indemnitor is notified and given an opportunity to contest the adverse litigation but fails or refuses to do so; or where the employment of counsel is with the knowledge of the indemnitor. *Bunce*, 348 N.W.2d at 250–51. Thus, when recovery is sought pursuant to an indemnification provision, attorney fees are clearly recoverable.

■ However, in this case, FNBC did not seek recovery pursuant to the indemnification provision. An indemnification clause "does not apply to claims between the parties to the agreement. Rather it obligates the indemnitor to protect the indemnitee against claims brought by persons not a party to the provision." *Wallerstein v. Spirt*, 8 S.W.3d 774, 780 (Tex. App.1999). The indemnification provisions of the contracts between FNBC and Jennings and Hennessey clearly indicate the intent of the indemnification provisions was to protect FNBC from claims brought by third parties, and not for breach of contract claims between the parties. *See*

*Estate of Pearson v. Interstate Power & Light Co.*, 700 N.W.2d 333, 344–45 (Iowa 2005) (stating that term 'hold harmless' and 'indemnify' indicate an intent to protect from claims brought by a third party) (citing *Wallerstein*, 8 S.W.3d at 779–80 (discussing the characteristics of an indemnity agreement)). Thus, in this breach of contract suit, the indemnification clause does not authorize an award of attorney fees as it is not applicable to a breach of contract claim between the parties.

We conclude that there is no express contractual provision authorizing the award of attorney fees and the indemnification clause does not allow for the recovery of attorney fees. Therefore, we reverse the award of attorney fees and remand to the district court.

**REVERSED AND REMANDED.**