**IN THE COURT OF APPEALS OF IOWA**

No. 13-1600
Filed August 13, 2014

**EMILY M. PEDERSON,**
       Petitioner-Appellee,

**vs.**

**SCOTT H. MEYER,**
       Respondent-Appellant.
_____

       Appeal from the Iowa District Court for Floyd County, Christopher C. Foy,

Judge.


       Scott Meyer appeals from an order finding him in contempt of a custody

decree. **AFFIRMED, WRIT ANNULLED.**



       Scott H. Meyer, San Diego, California, appellant pro se.

       William T. Morrison of Morrison Law Firm, Mason City, for appellee.



       Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**PER CURIUM**

Three contempt applications are the subject of this appeal. Emily Pederson filed two applications seeking to have Scott Meyer found in contempt, asserting Meyer willfully violated the terms of a custody decree on a number of occasions by keeping the parties' child out of preschool during visits with the child in October and November 2012. Meyer filed his own application alleging ten separate contemptuous acts on the part of Pederson. The district court found Meyer in contempt for failing to obey the visitation provisions of the custody decree. The court denied Meyer's application, finding Meyer failed to carry his burden of proof with respect to each count of his application. Meyer now appeals, claiming the district court erred in finding him in contempt, and in failing to find Pederson in contempt, of the custody decree concerning the parties' child.[1]

---

[1] With regard to a finding of contempt, the proper remedy to challenge the district court's act is a writ of certiorari. *See* Iowa Code § 665.11 (2011) ("No appeal lies from an order to punish for a contempt, but the proceeding may, in proper cases, be taken to a higher court for revision by certiorari."). However, we proceed to treat the case as if Meyer had filed the proper petition. *See* Iowa R. App. P. 6.108 ("If any case is initiated by a notice of appeal, an application for interlocutory appeal, an application for discretionary review, or a petition for writ of certiorari and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested."); *see also In re Marriage of Welsher,* 274 N.W.2d 369, 371 (Iowa 1979). On the other hand, when the district court refuses to find a party in contempt or dismisses an application for contempt, a direct appeal by the aggrieved party is permitted. *City of Masonville v. Schmitt*, 477 N.W.2d 874, 876 (Iowa Ct. App. 1991).

This is our third encounter with these parties.[2] The first was an appeal from the denial of Meyer's application for contempt. *Pederson v. Meyer*, No. 10-1966, 2011 WL 2556792, at *1 (Iowa Ct. App. June 29, 2011). There we said:

> [T]he absurdity of the positions taken by the parties here and with each other evidences the contentiousness of their relationship. What is evident is that the decree does not adequately set out a schedule that clearly defines the parents' rights and responsibilities. The parties are urged to cooperate with visitation in order that their child may have maximum continuing contact with both parents and avoid the dissension currently displayed.

*Id.* at *3. Our second encounter was Meyer's appeal from an order modifying legal custody, visitation, and support provisions of the decree concerning the parties' child. *Pederson v. Meyer*, No. 12-1967, 2013 WL 3822107, at *1 (Iowa Ct. App. July 24, 2013). We said:

> In Meyer's challenge to an earlier court ruling refusing to find Pederson in contempt, we noted "the absurdity of the positions taken by the parties here and with each other evidences the contentiousness of their relationship." *Pederson v. Meyer*, No. 10-1966, 2011 WL 2556792, at *3 (Iowa Ct. App. 2011). That relationship grew no less contentious. Numerous charges and counter charges of contempt have been filed. Meyer's litigious nature and inability to effectively communicate are apparent from the record.

*Id.* at *1. Our urgings to the parties to cooperate with visitation fell on deaf ears, for once again, numerous charges and counter charges of contempt have been filed. To recite the details of those charges and counter-charges would serve no useful purpose here. Despite the challenges faced, we did indeed review the

---

[2] The supreme court has also had an encounter with the parties. There, Pederson's petition for certiorari in another contempt appeal was denied by the supreme court on August 8, 2011. *Pederson v. Meyer*, Docket No. 11-1011.

relevant record.[3]  Upon our review, we affirm the district court's spot-on rulings, adopting them as our own.  *See* Iowa R. App. P. 6.1203(a), (d).

For the first time on appeal, Meyer asserts: "The trial court has demonstrated a pattern of bias against [Meyer] since the beginning of these proceedings in April 2009 including the present proceedings."  "Our error preservation rules provide that error is preserved for appellate review when a party raises an issue and the district court rules on it."  *State ex rel. Miller v.*

---

[3] While the parties are encouraged to agree as to the contents of the appendix, *see* Iowa R. App. P. 6.905(1)(a), Meyer, as appellant, was required to prepare the appendix.  *See* Iowa R. App. P. 6.905(2)(a).  The appendix is single-sided, not double-sided as required by rule 6.905(3)(b) (referencing rule 6.903(1)).  The 689 pages of material are not placed in the appendix in any discernable logical order.  *See* Iowa R. App. P. 6.905(2)(b) (setting forth the order in which material should appear in the appendix).  The appendix includes hundreds of pages of material not relevant to this appeal.  *See* Iowa R. App. P. 6.905(2)(b)(3) ("The appendix shall contain: *Relevant* portions of the pleadings, transcript, exhibits, instructions, findings, conclusions, and opinion." (Emphasis added)).  It includes material outside the record.  *See Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994) ("Facts not properly presented to the court during the course of trial and not made a part of the record presented to this court will not be considered by this court on review."); *see also In re G.R.*, 348 N.W.2d 627, 632 (Iowa 1984).  The record on appeal is comprised of the original documents and exhibits filed in the district court and the transcript.  *See* Iowa R. App. P. 6.801.  Inexplicably, the appendix does not include two of the contempt applications central to this appeal.  Some of the exhibits admitted at the contempt hearing were included in the appendix, but are not marked or identified as such either in the table of contents or in the body.  It is not our duty to rout blindly through an appendix.  To stave off any additional and unnecessary frustration, the court resorted to utilizing the original court file for its record review.

Meyer's brief and reply brief also run afoul of appellate practice rules.  The pages are single-sided, not double-sided as required by rule 6.903(1)(a).  Both lack a rule 6.1401-Form 7 certificate of compliance regarding type-volume limitation as required by rule 6.903(1)(g)(4).  The opening brief lacks a routing statement as required by rule 6.903(2)(d).  Both lack a certificate of cost as required by rule 6.903(2)(j).  Both lack a certificate of service as required by rule 6.701(5).  Other infirmities warrant no mention here.

Pro se or not, parties to an appeal are expected to follow applicable rules.  It has long been the rule that procedural rules apply equally to parties who are represented by counsel and to those who are not.  Pro se parties receive no preferential treatment.  *See Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000).  "The law does not judge by two standards, one for lawyers and the other for lay persons.  Rather, all are expected to act with equal competence.  If lay persons choose to proceed pro se, they do so at their own risk."  *Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991).  Failure to comply with appellate rules may result in summary disposition of an appeal.  *In re Estate of DeTar*, 572 N.W.2d 178, 180-81 (Iowa Ct. App. 1997).

*Vertrue, Inc.*, 834 N.W.2d 12, 20-21 (Iowa 2013); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (noting we do not consider issues raised for the first time on appeal). Our error preservation rules are not designed to be hypertechnical. *See Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 695 (Iowa 2013). Rather, they exist to ensure that district courts have the opportunity to correct or avoid errors and to provide appellate courts with a record to review. *See State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003). We find Meyer has not preserved this issue for our review, and we therefore do not address it.

We deny Pederson's request for an award of appellate attorney fees. "The right to recover attorney fees as costs does not exist at common law." *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010) (citing *Thorn v. Kelley*, 134 N.W.2d 545, 548 (1965)). As a general rule, a district court may only award attorney fees when clearly authorized by statute or contract. *W.P. Barber Lumber Co. v. Celania*, 674 N.W.2d 62, 66 (Iowa 2003); *Wilson v. Fenton*, 312 N.W.2d 524, 529 (Iowa 1981), *overruled on other grounds by Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742 (Iowa 1993). The supreme court has held that attorney fees may not be awarded in an Iowa Code chapter 665 contempt action even when there is a finding of contempt. *See Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 72 (Iowa 2010) (stating that attorney fees cannot be awarded in a contempt action); *Wilson*, 312 N.W.2d at 529 (indicating that the penalty for contempt is limited by the provisions of Iowa Code sections 665.4 and 665.5, and those provisions do not permit taxing the prevailing party's costs, including attorney fees, to the

contemnee). Pederson cites to no authority authorizing an award of her appellate attorney fees.[4]

We affirm the district court's rulings. We annul Meyer's writ.

Costs are taxed to Meyer.

**AFFIRMED, WRIT ANNULLED.**

---

[4] We observe Pederson was required to defend Meyer's unsuccessful challenge to the district court's contempt rulings. In contempt actions stemming from a dissolution decree, we would have discretion to order Meyer to pay Pederson's attorney fees. In this proceeding, however, section 598.24 (authorizing reasonable attorney fees in an action for contempt stemming from a dissolution decree) is inapplicable because the parties were never married.