CITY OF MASONVILLE, Appellant,

v.

Daniel C. SCHMITT, Diane M. Bails, Donald R. Bails, Sharon K. Schmitt, Lawrence A. Schmitt, Vincent R. Schmitt, James J. Schmitt, and Richard Schmitt, Appellees.

No. 90–1031.

Court of Appeals of Iowa.

Sept. 24, 1991.

Daniel H. Swift of Swift & Swift, Manchester, for appellant.

Timothy A. Estlund, Cedar Rapids, for appellees.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The City of Masonville initiated a nuisance action against the defendants (the Schmitts) for keeping an accumulation of items on their property. These items included scrap metal, old tires, and used farm machinery. On May 9, 1986, an order was issued in that case finding the accumulation of items constituted a nuisance under the City's ordinances and Iowa Code section 657.1. The Schmitts were ordered to abate the nuisance by removing the items from their property within six weeks.

The City subsequently brought the present action seeking to have the defendants found to be in contempt of court for failing to comply with the May 1986 order. On March 12, 1987, the district court found the Schmitts were in contempt. The Schmitts were given an opportunity to purge themselves by complying with the May 1986 order by June 1, 1987.

The City filed an affidavit alleging the Schmitts were still in noncompliance. On November 4, 1987, the district court found the Schmitts had made progress in cleaning up their property. The matter was continued. A later deadline of October 14, 1988, was set for abatement to be completed.

When the nuisance had not been satisfactorily abated by October 14, 1988, the court decided to issue a warrant, pursuant to section 657.4, against the Schmitts for the expense of abating the nuisance. The warrant was not actually issued, however, and the court agreed to follow the procedures in section 657.6, which allows a defendant to post a bond, conditioned upon discontinuance of the nuisance. The Schmitts posted a $3,000 cash bond on May 10, 1989. The deadline was extended until July 1, 1989.

■ A further hearing was held. On June 4, 1990, the court found the nuisance had been substantially abated in certain respects. The court ordered the Schmitts to remove certain personal property that remained on the premises by June 20, 1990. The City has appealed.[1]

The City contends the Schmitts should have been found in contempt of court. The City believes the Schmitts have not made substantial efforts to comply with the May 1986 court order. It asks that the Schmitts be ordered to forfeit the bond and that the City be allowed to proceed with abatement.

---

1. We are not convinced this is the type of final order from which an appeal may be taken as a right. *See* Iowa R.App.P. 1(b). As permitted by Iowa Rule of Appellate Procedure 1(c), we treat this appeal as an application for interlocutory appeal under rule 2. Considering the criteria for granting interlocutory appeals found in rule 2, we find this case should be heard at this time as an interlocutory appeal.

 We may review a district court's dismissal of an application for contempt or its refusal to find a party in contempt upon a direct appeal by the aggrieved party. *Patterson v. Keleher*, 365 N.W.2d 22, 24 (Iowa 1985). Our review is not de novo. *Id.* We determine that our review is on assigned error only. *See In re Guardianship of·Cerven*, 334 N.W.2d 337, 339 (Iowa App.1983).

 An action for contempt of court is treated in the nature of a criminal proceeding. *Amro v. Iowa District Court*, 429 N.W.2d 135, 140 (Iowa 1988). No person may be punished for contempt unless the allegedly contumacious actions have been established by proof beyond a reasonable doubt. *Id.*

 While the City contends the Schmitts should be found in contempt of court, it appears from the record that the district court did find the Schmitts in contempt in its order of March 12, 1987. The Schmitts were then given an opportunity to purge the contempt by complying with the May 1986 court order. The question then is whether the Schmitts have sufficiently purged the finding of contempt.

 The Schmitts have made an effort to comply with the court order by cleaning up their property. An alleged contemner may avoid an adjudication of contempt by proving a good faith effort was made to comply. *Wilson v. Fenton*, 312 N.W.2d 524, 527 (Iowa 1981). Given the amount of accumulated items on the Schmitts' property, clean-up would naturally take some time. It appears that the Schmitts made substantial progress toward complying with the May 1986 order. On June 4, 1990, the district court found there were only a few items which still needed to be removed.

We affirm the district court's conclusion that the finding of contempt should not be enforced. We do not find proof beyond a reasonable doubt that the Schmitts have failed to make a good faith effort to comply with court orders.

 The City has also raised some complaints about a building owned by the Schmitts known as the "bank building," which the City feels the Schmitts have a duty to tear down. This building was not mentioned in the May 1986 nuisance order. Therefore, it cannot be the subject of the later contempt action. We make no findings concerning the Schmitts' duty to tear down this building.

After considering all of the issues raised by the City, we affirm the decision of the district court.

AFFIRMED.