**In the Interest of B.C.A.K. and C.C.A.K., Minor Children.**

**C.K., Natural Father, Appellant.**

No. 92–957.

Court of Appeals of Iowa.

Oct. 5, 1993.

Patrick C. McCormick, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Judy Sheirbon, Asst. Atty. Gen., and Marlene J. Loftus, Asst. County Atty., for appellee State.

Gene Wickey, Sioux City, guardian ad litem for the children.

Heard by DONIELSON, P.J., SCHLEGEL, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

B.C.A.K., a boy born on September 7, 1979, and C.C.A.K., a girl born on August 16, 1984, were determined to be children in need of assistance on June 29, 1990, pursuant to Iowa Code section 232.2(6)(c)(1). The juvenile court found the children had suffered harmful effects as a result of mental injury caused by the parents, primarily due to the ongoing bitterness and stress between the parents over visitation and other issues. C.K. is divorced from the children's mother, J.K. The CHINA adjudication granted J.K. custody of the children, subject to the protective supervision of the Iowa Department of Human Services. C.K. was granted two hours of supervised visitation per week.

Allegations later arose that C.K. had sexually abused C.C.A.K. during one of the supervised visits. On October 2, 1990, the juvenile court suspended visitation between C.K. and the children and ordered C.K. to undergo counseling. C.K. appealed the juvenile court ruling. On February 7, 1991, the district associate court affirmed. C.K. appealed that ruling.

On November 26, 1991, we filed an opinion finding there was insufficient evidence to show C.K. had sexually abused C.C.A.K. *In re B.K.*, 485 N.W.2d 108 (Iowa App.1991) (Unpublished). We determined C.K.'s visitation with the children should be reinstated under the terms of the order of June 29, 1990. *Id.* We also found C.K. should not be required to attend counseling. *Id.*

In accordance with our opinion on appeal, the juvenile court entered an order on January 2, 1992, providing C.K. should have weekly two-hour visitations with the children and that the visitations should be supervised by the ongoing caseworker, the ongoing caseworker's supervisor, or a therapist from the Family Services Center.

The ongoing caseworker, Nancy Freeman, was on leave until January 10, 1992, at which time she returned to work and saw the court order. Freeman contacted Family Services shortly thereafter.

On January 28, 1992, C.K. filed an application to show cause why Freeman should not be held in contempt. He claimed Freeman had willfully failed to follow the court order and had done nothing to set up his visitation.

In response to Freeman's referral, on February 4, 1992, Family Services sent Freeman a letter stating it would require C.K. and C.C.A.K. to attend therapy sessions before it would be willing to supervise visitation. Freeman felt this would not comply with our decision, which held C.K. should not be required to attend therapy.

Freeman then contacted Catholic Charities. This agency would have accepted the case but could only schedule visits during school hours.

By February 18, 1992, Freeman had referred the case to Lutheran Social Services, and that agency had agreed to take it. Lutheran Social Services arranged for C.K. to begin supervised visitation on March 20, 1992. C.K. has had weekly visitation since March 20, 1992, except for occasions when he had a scheduling difficulty.

A hearing was held on C.K.'s application for rule to show cause, and the juvenile court entered its order on May 15, 1992. The court found there was no willful or deliberate violation by Freeman of the court's order establishing visitation. The court noted that Freeman had to contact several agencies before an appropriate one could be found. The court also noted that Freeman's case load was well above the number recommended by statute. The court dismissed the application to show cause. C.K. appealed.

When an application for contempt is dismissed, a direct appeal is permitted. *State v. Lipcamon*, 483 N.W.2d 605, 606 (Iowa 1992). Our review is not de novo. *City of Masonville v. Schmitt*, 477 N.W.2d 874, 876 (Iowa App.1991). We determine

---

* Senior judge from the 1st judicial district serving on this court by order of the Iowa Supreme Court.

that our review is on assigned errors only. *Id.*

 A contempt proceeding is essentially criminal in nature, and each element must have been established beyond a reasonable doubt. *In re Marriage of Schradle*, 462 N.W.2d 705, 709 (Iowa App.1990). Only willful disobedience of a court order will justify a conviction for contempt. *Id.* In order to show willful disobedience there must be evidence of conduct which is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not. *Bell v. Iowa Dist. Court,* 494 N.W.2d 729, 730 (Iowa App.1992). An alleged contemner may avoid an adjudication of contempt by proving that a good faith effort was made to comply with the court order. *City of Masonville,* 477 N.W.2d at 876.

 In the oral argument before this court, C.K.'s attorney admitted that little could be accomplished by punishing Freeman by contempt proceedings at this late date. However, he wanted a contempt citation entered anyway, which would "send a message" to the Iowa Department of Human Services alerting them that a court order may never be ignored. If the proper fact situation was presented to this court, we might give it some consideration. This is not a proper fact situation.

We conclude C.K. has failed to show beyond a reasonable doubt that Freeman willfully violated a court order. The evidence shows Freeman had to contact several agencies before she could find one willing to supervise visitations under the terms of the decree. The evidence also shows the agencies did not immediately respond to her inquiries. We find no evidence to show Freeman intentionally or deliberately sought to disregard the court's order. We determine she made a good faith effort to comply with the court order and should not be held in contempt.

We affirm the decision of the juvenile court dismissing C.K.'s application to show cause why Freeman should not be held in con-

tempt. Costs of this appeal are assessed to C.K.

AFFIRMED.