**In re the MARRIAGE OF Ronald N. RUDEN and Diana E. Ruden.**

**Upon the Petition of Ronald N. Ruden, Appellant,**

**And Concerning Diana E. Ruden, Appellee.**

**No. 92–856.**

Court of Appeals of Iowa.

Oct. 28, 1993.

Gail E. Boliver of the Boliver Law Firm, Marshalltown, for appellant.

Michael J. Moon of Cartwright, Drucker & Ryden, Marshalltown, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

SCHLEGEL, Judge.

Ronald and Diana Ruden were married in 1968 and divorced in 1987. Of the parties' four children, only the two youngest children, Troy, born on July 5, 1974, and Trent, born on April 26, 1976, were minors at the time of the dissolution. The dissolution decree granted Diana physical care of Troy and Trent and granted Ronald visitation rights.

Ronald filed an application for modification in 1989 seeking to be awarded physical care of the minor children, or in the alternative, to be granted specific visitation rights. The district court denied his request, and he appealed.

The case was transferred to the court of appeals. We determined physical care of the children should not be modified. *In re Marriage of Ruden,* No. 90–798 (Iowa App. Dec. 27, 1990) (Unpublished). On the issue of visitation, we held:

> Ronald asks for specific visitation. The children are reluctant to have anything to do with their father. However, some of this is attributable to the mother's antagonism towards her former husband. The best interests of the children would be served by some sort of continuing contact with their biological father. Iowa Code § 598.41(1). Hopefully this will lead to a healing of their relationship. We therefore reverse on this issue.

*Id.* We awarded Ronald visitation on the first full weekend of each month, alternating Thanksgiving and Christmas vacations, and the first two full weeks in July. *Id.*

On about March 28, 1991, Ronald sent Diana written notice by certified mail that he intended to exercise visitation with the children on the first full weekend in April. This notice was sent to 2355 Hart Avenue, State Center, Iowa, where Diana had lived prior to

March 1991. Diana had not informed Ronald she and the children had moved to 2717 Durham Avenue in State Center. The post office attempted to deliver the certified letter on two occasions, but it was unclaimed and returned to Ronald.

Ronald came to State Center from his home in Wisconsin on the specified weekend. Neither Diana nor the children were present at 2355 Hart Avenue. Diana's current husband, Mr. Tuttle, was there, but he refused to tell Ronald the location of the children. Ronald then returned to Wisconsin.

Prior to the first full weekend in May, Ronald sent Diana notice by ordinary mail that he intended to exercise his weekend visitation that month. On the first full weekend in May Ronald arrived at 2717 Durham Avenue. Troy met him at the door and told him neither he nor Trent would participate in visitation that weekend. Ronald then returned to his home.

On May 29, 1991, Ronald filed an application for Diana to be held in contempt for denying his court-ordered visitation. A hearing in the case was held on January 6, 1992. The court issued its decision on April 23, 1992. The court concluded:

> As noted above, Trent is almost 16 years old and Troy is almost 18 years old. They are now steadfastly refusing to visit their father. As noted before by this Court, the poisoned relationship between the boys and their father is not the result of only one factor or one person's actions. Diana has had a role in formulating the existing situation. Ronald has also had a role in that regard. Troy and Trent now seem to view the ongoing contempt proceedings between their parents as a game. Under all of the evidence presented to this Court, the Court cannot conclude beyond a reasonable doubt that Diana has willfully violated the visitation provisions of the existing decree.

The court dismissed Ronald's application to find Diana in contempt. Ronald appealed.

When an application for contempt is dismissed, a direct appeal is permitted. *State v. Lipcamon,* 483 N.W.2d 605, 606 (Iowa 1992). Our review is not de novo.

*City of Masonville v. Schmitt,* 477 N.W.2d 874, 876 (Iowa App.1991). We determine that our review is on assigned errors only. *Id.*

A contempt proceeding is essentially criminal in nature, and each element must have been established beyond a reasonable doubt. *In re Marriage of Schradle,* 462 N.W.2d 705, 709 (Iowa App.1990). Only willful disobedience of a court order will justify a conviction for contempt. *Id.* In order to show willful disobedience there must be evidence of conduct which is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not. *Bell v. Iowa Dist. Court,* 494 N.W.2d 729, 730 (Iowa App.1992).

We conclude Ronald has failed to show beyond a reasonable doubt that Diana willfully disobeyed a court order. While the evidence shows Diana could have done more to assure Ronald got the visitation ordered by this court, there is insufficient evidence Diana deliberately prevented Troy and Trent from participating in visitation. We therefore conclude there is insufficient evidence to find Diana in contempt of court.

However, we must note our displeasure with Diana's attitude, which implies that the children's rejection of visitation with their father is acceptable. We are also concerned by the district court's comment that the children seemed to find the contempt proceedings a sort of game. Liberal visitation rights are in the best interests of the children. *See In re Marriage of Drury,* 475 N.W.2d 668, 670 (Iowa App.1991). Both parents are charged with maintaining the best interests of the children, and thus with cooperating in visitation. *See In re Marriage of Toedter,* 473 N.W.2d 233, 234 (Iowa App. 1991). A child should be assured the opportunity for the maximum continuing physical and emotional contact with *both* parents. Iowa Code § 598.41(1).

The present situation points out the limitations of the court system in solving a family's problems. We note Troy is already over

eighteen years old and outside the jurisdiction of the court in this proceeding. Trent will be eighteen within a few months. We can only hope that at some time in the future these children will decide to enter into a relationship with their father.

Diana has asked for attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Hunt,* 476 N.W.2d 99, 103 (Iowa App.1991). We find Diana has the ability to pay her own attorney fees.

We affirm the district court's decision dismissing the application to find Diana in contempt. Costs of this appeal are assessed to Ronald.

**AFFIRMED.**

DONIELSON, J., takes no part.