Whitehead, J.
BACKGROUND
Plaintiff, Sheila Astuccio, brought this action against the defendants, R.K. Ahern Co., Inc., Robert K. Ahern and Roland Couillard, to recover on two promissory notes and guarantees. At the commencement of the suit, plaintiff obtained a trustee process attachment against accounts held by the Family Mutual Savings Bank for the benefit of the defendants. The Trustee Bank answered the complaint by stating that it held $349.07 on behalf of the defendant R.K. Ahern Co. and $2,232.20 on behalf of the defendant Couillard. Ultimately, judgment entered against all defendants in the amount of $409,250.00, with interest in the amount of $290,514.30. Plaintiff now seeks to charge the Trustee Bank. In that regard, contending that at the time of service of the trustee summons, the Bank possessed sums larger than it stated in its answer, plaintiff wishes to charge the Bank in the amount of the larger sums. The Bank denies liability for any amount greater than that set forth in its answer. In fact, it seeks an outright discharge.
FACTS
The matter was submitted to the Court on undisputed facts. Plaintiff obtained the trustee process attachment on September 27, 1991. On the following day, September 28, 1991, which was a Saturday, a deputy sheriff served notice of the attachment upon the Trustee Bank by delivering a copy, in hand, to a part-time service representative at a branch of the Bank, in Bradford. At the time, the Bank had in effect a policy whereby an employee receiving such a document on behalf of the Bank was to notify the Operations Department, so that appropriate holds could be placed on the subject funds. The employee was also required to forward the document itself to the Operations Department.
As it turns out, the Operations Department is not open on Saturday or Sunday. Accordingly, the branch employee forwarded the documents to the FDIC at the main office of the former Lowell Savings Bank. She did so because the Trustee Bank was in the process of purchasing from the FDIC assets of the Lowell Savings Bank, and she apparently believed that the funds in question might pertain to an account included in those assets.
On October 2, 1991, the deputy sheriff served a copy of the same notice of attachment at the Main Office of the Trustee Bank. The Main Office promptly notified the Trustee Bank’s Operations Group working at the Lowell Bank. In turn, the Operations Group promptly undertook a search for accounts covered by the trustee process attachment. None was located. Later on the same day, an employee of the Trustee Bank hand-carried the notice of attachment to Lowell. Another computer search was undertaken. Again, no account covered by the attachment was located.
On October 7, 1991, the FDIC notified the Trustee Bank that it had received the notice of attachment and had determined that it did not hold funds covered by the attachment. At some point thereafter, the Trustee Bank undertook another search and discovered that it did, in fact, have funds covered by the attachment, as stated ultimately in its answer to the complaint.
At the time that service was first made upon the Trustee Bank at its Bradford branch, the Bank held an account in the amount of $52,20.06 on behalf of defendant R.K. Ahern Co., Inc. By October 7, 1991, the amount had dwindled to the $349.07 stated in the Trustee’s answer. As of the date of the service upon the Bradford branch, the Trustee Bank also held two additional accounts, each in the name of the defendant Couillard, his wife and one of his two daughters, and each in the amount of $4,464.40. Mr. Couillard had deposited these funds in the accounts for his daughters’ benefit pursuant to a divorce agreement. From the papers submitted in this action, it is clear that the subject funds belong to the daughters. Defendant Couillard was required by the divorce agreement to place them in a trustee account. He neglected to do so. Even taking into account the 50% ownership presumption and $500.00 one time exclusion set forth in G.L.c. 246, §28A, the Trustee Bank cannot account for the fact that it answered the complaint stating that it held $2,232.20 on behalf of the defendant Couillard. It appears that the proper amount to report would have been $4,214.10.
DISCUSSION
The Trustee Bank seeks a discharge from the attachment on the ground that no judgment has entered against it. It is true that no judgment has entered against the Trustee Bank, but that it is because the *98 Trustee Bank has not yet been charged. Once the Court has assessed the amount to be charged, it will order that judgment enter against the Trustee Bank. See generally A.D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. 734 (1994).
The Trustee Bank next argues that it should not be charged in an amount greater than that stated in its answer. It contends that because it made in good faith the payments which occurred between the time when it was served with the order of attachment and the time when it discovered the existence of the funds, it cannot be held liable for the dissipation of the funds caused by its payments. The Court agrees. Although there is a dearth of Massachusetts caselaw on the point, what caselaw exists would appear to support the Trustee Bank’s position. In Eddy v. O’Hara, 132 Mass. 56, 61 (1882), the Supreme Judicial Court noted, “The trustee being a mere stakeholder summoned into a suit in which he has no personal interest, is entitled to the protection of the Court under circumstances in which an ordinary defendant might be held liable." More specifically, the Court noted that if, after service has occurred upon a trustee but before the trustee has actual knowledge thereof, the trustee makes a good faith payment, even to the defendant, of funds subject to the attachment, it will not be held liable for such payment. Id. By implication, then, a trustee which has knowledge of the order of attachment but does not know that it possesses funds which are subject to the attachment ought to be exempt from liability for payments which it makes in good faith from those funds.
Another view of the issue is this. The order of trustee process attachment is a Court order. Failure to obey the order is akin to a contempt. A party generally is not held liable for a contempt if it has made in good faith all reasonable efforts to comply with the subject order. See generally Harris v. City of Philadelphia, 47 F.3d 131 (3rd Cir. 1995); U.S. v. Barnette, 902 F.Supp. 1522, (M.D. Fla. 1994); In re: Frankel, 192 B.R. 623 (Bkrpcy. S.D.N.Y., 1996); In re: B.C.A.K., 508 N.W. 2d 738 (Iowa App. 1993). Here, the actions of the branch employee in promptly forwarding the notice of trustee process attachment to the Lowell Operations Group, and that entity’s prompt searches for the subject funds evidence both good faith and a reasonable effort to comply with the order of attachment. Why the existence of the attached funds was not detected before October 7, 1991 is not established by the record. However, in regards to the R.K. Ahern corporate account, the Bank having acted in good faith and reasonably, it should not be charged in an amount greater than the funds stated in its answer.
As for the funds which were held by Mr. Couillard for the benefit of his daughters, those funds clearly did not belong to him. The Bank’s documents establish that two signatures were required for withdrawal. If Mr. Couillard were to attempt to withdraw funds for his own benefit, it is likely that his wife and/or daughters would stop him.
It is true that G.L.c. 246, §28A provides that “[a] joint account shall be treated for purposes of [a trustee process attachment] as if each depositor owned one half of the amount thereof.” It is also true that there is a scant, if any, Massachusetts authority construing §28A. However, the weight of authority elsewhere is to the effect that presumptions of ownership such as that established by §28A are rebuttable. See 11 A.L.R. 3d 1465, §8a. Here, the presumption of 50% ownership clearly has been rebutted. Thus, the Trustee Bank will not be charged against any funds from the two Couillard accounts.[1]
ORDER
The Court ORDERS that judgment enter against the trustee, Family Mutual Savings Bank, in the amount of $349.07.

Mr. Couillard himself appeared at the hearing on the motion to protest a charge against these funds.