# IN THE COURT OF APPEALS OF IOWA

No. 15-1310
Filed May 25, 2016

**KEVIN ANGSTMAN and ROBIN A. ANGSTMAN,**
    Plaintiffs-Appellants,

**vs.**

**KAREN S. STREETER and JONATHAN R. THOMPSON,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

Angstmans appeal the district court's denial of their contempt application as to Streeter. **AFFIRMED.**

Sean K. Heitman of Moore, McKibben, Goodman & Lorenz, L.L.P., Marshalltown, for appellants.

Chad R. Frese of Kaplan & Frese, L.P., Marshalltown, for appellees.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether the district court erred in denying a landowner's contempt application against former adjacent landowners.

## I. Background Facts and Proceedings

Homeowners Kevin and Robin Angstman applied for an injunction against adjoining landowners Karen Streeter and Jonathan Thompson. They alleged Streeter and Thompson piled and graded dirt on their property, which changed the natural drainage course of surface water and "increased the quantity of water" discharged onto the Angstmans' property. The district court approved a stipulated injunction requiring Streeter and Thompson to "take all actions necessary to return [their] real estate . . . to its condition as it existed prior to [their] actions."

After the time for compliance expired, the Angstmans filed a contempt application asserting Streeter and Thompson failed to perform the required actions. The district court granted the application and ordered them to serve a jail sentence.

In time, the Angstmans filed a second contempt application asserting Streeter and Thompson "ha[d] still taken no action to comply with the Court's [original injunctive] order." At a hearing on this application, Streeter testified she sold the property on contract to her grandson, Thompson. Before the second contempt application was filed, Thompson had paid off the contract and she had deeded the property to him.

Following a hearing, the district court denied the second contempt application as to Streeter. The court reasoned as follows:

> Ms. Streeter's deed to Mr. Thompson on October 3, 2013, purports to be in fulfillment of a real estate contract. That contention is corroborated by the fact that the deed contained the recitation that it was given in satisfaction of a real estate contract and that the Marshall County recorder accepted the deed for recordation.
>
> Ms. Streeter's contempt came to a conclusion at the time that she issued the deed on October 3, 2013. The evidence satisfactorily establishes that she was required by the June 2, 2009 real estate contract to give up her interest in the property at that time. . . . Streeter was out of the picture by [the second contempt application] as the result of a commitment she made in June of 2009, well before this controversy. She has not committed contempt during the period properly addressed by this decision. The Court concludes that she has been adequately punished for her contempt up to October 3, 2013, and that she has not committed contempt since October 3, 2013.

The court dismissed the contempt application as to her.

The Angstmans filed a notice of appeal. *See Lysenko v. Jensen*, No. 10-0270, 2010 WL 4108826, at *4 (Iowa Ct. App. Oct. 20, 2010) ("When the district court refuses to find a party in contempt or dismisses an application for contempt, a direct appeal by the aggrieved party is permitted."); *City of Masonville v. Schmitt*, 477 N.W.2d 874, 876 (Iowa Ct. App. 1991) ("We may review a district court's dismissal of an application for contempt or its refusal to find a party in contempt upon a direct appeal by the aggrieved party.").

## II. Denial of Contempt Application

The Angstmans argue the district court erred in declining to hold Streeter in contempt. In their view, Streeter "cannot voluntarily transfer the property and claim impossibility of her performance as means to avoid the obligations imposed upon her by the . . . injunction." Our review is on error; we will uphold a district court's refusal to find contempt if the refusal is supported by substantial evidence. *Lysenko*, 2010 WL 4108826, at *4.

Substantial evidence supports the district court's finding that Streeter did not commit contempt during the relevant period. Although she was previously found to have resisted an order in violation of Iowa Code section 665.2(3) (2013), the focus of the second contempt application was on a period post-dating her transfer of the property to her grandson. As the district court pointed out, the Angstmans filed a trial brief asserting the following:

> The Defendants were found to be in contempt of court in March 2014, following the hearing begun on October 28, 2013. Thus, the Court has already determined that, at least as of October 2013 the Defendants had not complied with the injunction. Thus, the relevant inquiry here is whether the Defendants have taken action to comply with the injunction since October 28, 2013.

And, on appeal, the Angstmans assert "[t]he relevant inquiry for the trial court here was whether the Defendants had done anything since the . . . [initial contempt] hearing."

As of October 28, 2013, Streeter no longer owned the property. Contrary to the Angstmans' assertion, she did not "voluntarily transfer the property . . . to avoid the obligations imposed upon her by the . . . injunction" but to satisfy the real estate contract filed in 2009. Her warranty deed confirms this fact and, together with her testimony, amounts to substantial evidence in support of the district court's finding. Because the relevant period of inquiry post-dated her ownership of the property, the district court did not err in denying the contempt application.

**AFFIRMED.**