# IN THE COURT OF APPEALS OF IOWA

No. 17-1992
Filed January 9, 2019

**JAYSEN McCLEARY,**
　　　　Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES and JERRY SCHILLINGER,**
　　　　Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Jaysen McCleary appeals the dismissal of his application for contempt.
**AFFIRMED.**

Jaysen McCleary, Des Moines, pro se appellant.

Martha L. Shaff, Amanda M. Richards, and Brandon W. Lobberecht of Betty Neuman & McMahon P.L.C., Davenport, for appellees.

Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

In February 2017, a protective order was entered in Jaysen McCleary's personal-injury case against the City of Des Moines and one of its employees. The order prohibited the parties from disclosing protected information, including all financial and health records. In July 2017, McCleary filed expert witness documentation that contained sensitive personal information. Because McCleary inadvertently failed to designate the documents as "Confidential," the district court did not seal them. McClearly settled his case with the city, and it was dismissed with prejudice on November 13, 2017. After Clark Kauffman, a writer for the Des Moines Register ("the Register"), emailed McCleary to inform him the documents were accessible to the public, McCleary filed a motion on November 16th to seal the documents, which the district court granted the same day. The court ordered the defendants "and any third parties now in possession" of the documents to destroy them. The order further states that the documents "may not be disclosed by the defendants or any third party." McCleary emailed the order to Kauffman and served Kauffman and the Register with a copy. In a separate action, McCleary sought injunctive relief to prevent Kauffman and the Register from publishing a story that included information from the protected documents.

On December 8, 2017, McCleary filed an application in this case for rule to show cause asserting Kauffman and the Register were in contempt for violating the protective order. He contended that representatives of Kauffman and the Register indicated that Kauffman and the Register were still in possession of the protected materials and that they intended to disclose the contents of the reports in an article to be published in the Register. He asked the district court to hold

Kauffman and the Register in contempt for failing to destroy the documents. The district court denied the application, holding "neither Mr. Kauffman nor the Register are parties to this case, and thus, neither are subject to the protective order." McCleary appeals, arguing the district court erred in determining that nonparties to his personal-injury case cannot be held in contempt for violating the court order.[1] For the reasons set forth, we affirm.

An aggrieved party may directly appeal the dismissal of an application for contempt. *See Lysenko v. Jensen*, No. 10-0270, 2010 WL 4108826, at *4 (Iowa Ct. App. Oct. 20, 2010). "Our review of such cases is not de novo, but on assigned errors only." *Id.* (citing *City of Masonville v. Schmitt*, 477 N.W.2d 874, 876 (Iowa Ct. App. 1991)).

McCleary's argument centers on whether Kauffman and the Register can be found in contempt of the protective order as nonparties. In *Hutchenson v. Iowa District Court for Lee County*, our supreme court held nonparties can be held in contempt "if certain requirements are met." 480 N.W.2d 260, 264 (Iowa 1992) (quoting Annotation, *Violation of State Court Order by one Other Than Party as Contempt*, 7 A.L.R.4th 893, § 2 (1981 & Supp.)). These requirements are that the nonparty (1) has notice or knowledge of the court's order and (2) is in privity with a party to the litigation or acts in concert with one. *See id.*; *see* 17 Am. Jur. 2d *Contempt* § 63.

Although Kauffman and the Register had notice of the court's order, there is no evidence in our record to support a finding that either were in privity or acted

---

[1] Defendants did not file an appellate brief.

in concert with a party to McCleary's personal-injury case.  McCleary alleges Kauffman and the City "worked together to disparage McCleary to the greatest extent possible to avoid a significant judgment against the City" in the personal injury case.  However, his application and affidavit to the district court fail to point to any evidence of the City and the nonparties acting in concert.  Accordingly, the court correctly rejected McCleary's application.

**AFFIRMED.**