**IN THE COURT OF APPEALS OF IOWA**

No. 15-0458
Filed August 31, 2016

**STANDARD WATER CONTROL SYSTEMS, INC.,**
    Plaintiff-Appellees/Counterclaim-Defendants,

**vs.**

**MICHAEL D. JONES AND CORI JONES,**
    Defendants-Appellants/Counterclaim-Plaintiffs.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Homeowners appeal from a district court order foreclosing a mechanic's lien. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

John F. Fatino of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Jodie C. McDougal and Elizabeth R. Meyer of Davis Brown Law Firm, Des Moines, and Bradley M. Beaman of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Heard by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Mike and Cori Jones contracted with Standard Water Control Systems to waterproof the basement of their residence. Standard Water started work on July 15, 2013. While working in the basement, one of Standard Water's employees struck a water line and a sewer line with a jackhammer. The water and sewer lines were encased within the concrete floor and the footings. The placement of the lines was unusual and not foreseeable. The ruptured water and sewer lines caused damage to the Joneses' property.

Standard Water continued to work on the basement on the day of July 15 but did not complete the job. Several witnesses testified the job was ninety-five percent complete at the end of the day. The Joneses would not allow Standard Water back on the property the next day or any day thereafter to finish the remainder of the work. Standard Water tendered a bill to the Joneses for $5,400, which represented the balance owed on the project. The Joneses stated they would not pay the bill because the work was incomplete and because Standard Water had damaged the property. The Joneses incurred costs to assess and repair the damage to their property.

Sixteen days after its first and last day of work at the Joneses' residence, Standard Water filed a notice of commencement of work and mechanic's lien. In October 2013, the Joneses sent Standard Water a letter demanding foreclosure of the mechanic's lien pursuant to Iowa Code section 572.28 (2013). Standard Water filed an action to foreclose the lien and for breach of contract, and the Joneses filed an answer and counterclaims. The district court found the Joneses were in breach of contract and entered judgment in personam against the

defendants for $5400 plus interest at twelve percent and attorney fees in the amount of $43,835.25. The district court concluded Standard Water was entitled to in rem judgment against the property for the same amount and entitled to foreclose the mechanic's lien. The Joneses timely filed this appeal, challenging the validity of the lien, the validity of the parties' contract, and the amount of the fee award.

I.

The Joneses argue Standard Water's mechanic's lien was invalid due to Standard Water's purported failure to comply with statutory filing and notice requirements. Actions to enforce mechanic's liens are equitable proceedings. *See Flynn Builders, L.C., v. Lande*, 814 N.W.2d 542, 545 (Iowa 2012). Normally, appeals from actions brought in equity are reviewed de novo. *See* Iowa R. App. P. 6.907. However, this dispute raises issues of statutory interpretation and construction. Our review of issues of statutory interpretation and construction is for the correction of legal error. *See Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 880 (Iowa 2014).

We look no further than the language of the statute when it is unambiguous. *Estate of Ryan v. Heritage Trails Assocs., Inc.,* 745 N.W.2d 724, 730 (Iowa 2008). If a statute is ambiguous, we turn to principles of statutory interpretation. *In re Estate of Bockwoldt,* 814 N.W.2d 215, 223 (Iowa 2012). A statute is ambiguous if reasonable people can disagree about its meaning. *Id.* When interpreting statutes, we seek the legislature's intent. *Schaefer v. Putnam,* 841 N.W.2d 68, 75 (Iowa 2013). Rather than analyzing words or phrases in isolation, we assess the entire statute. *Hardin Cty. Drainage Dist. 55 v. Union*

*Pac. R.R. Co.,* 826 N.W.2d 507, 512 (Iowa 2013). We consider a statute's legislative history, including prior versions of the statute. *State v. Romer,* 832 N.W.2d 169, 176 (Iowa 2013). Under the pretext of construction, we may not extend a statute, expand a statute, or change its meaning. *Id.*

At issue is Iowa Code section 572.13A(1)—a matter of first impression for this court, as section 572.13A was only enacted in 2013. That subsection provides, in pertinent part:

> A general contractor or owner-builder who has contracted or will contract with a subcontractor to provide labor or furnish material for the property shall post a notice of commencement of work to the mechanics' notice and lien registry [MNLR] internet website within ten days of commencement of work on the property. A notice of commencement of work is effective only as to any labor, service, equipment, or material furnished to the property subsequent to the posting of the notice of commencement of work.

Iowa Code § 572.13A(1). The terms "general contractor," "owner-builder," and "subcontractor" are all defined by statute. *See* Iowa Code § 572.1.

The parties have different interpretations of the statute. The Joneses argue the doctrine of the last antecedent means the clause "who has contracted or will contract" modifies only the term "owner-builder." The Joneses thus contend the statute applies to (a) all general contractors and (b) those owner-builders who have contracted or will contract with a subcontractor to provide labor or furnish material to the property. Standard Water, as a covered general contractor, did not post a notice of commencement of work within ten days of first furnishing materials or furnishing labor. As a result, the Joneses claim, Standard Water was prohibited from filing and enforcing its mechanic's lien. Standard Water contends the last-antecedent rule is inapplicable here and the phrase "who

has contracted or will contract" modifies both "general contractor" and "owner-builder." Standard Water did not contract with a subcontractor. Standard Water thus concludes it did not have to file a notice of commencement of work on the MLNR within ten days of commencing work as a prerequisite to filing and enforcing its mechanic's lien.

We conclude the challenged phrase could reasonably bear both interpretations and is thus ambiguous. *See Bockwoldt,* 814 N.W.2d at 223. Under the circumstances, the last-antecedent rule is not dispositive, and we turn to other interpretive aids. *See Fjords N., Inc., v. Hahn*, 710 N.W.2d 731, 738 (Iowa 2006) ("[T]he last-antecedent rule is not inflexible, and it does not apply where the entire act reveals that the qualifying sentence applies to several preceding subjects. Ultimately, we look to the intent of our legislature.").

We first look to the purpose of the statute. "The statute is intended to provide a mechanism by which owners of residential real estate receive notice of who was working on the property and claims by the same party." IAB Vol. XXXV, No. 11 (11/28/2012) p. 935, ARC 0464C. The Joneses argue that the phrase "claims by the same party" suggests the MNLR's primary purpose is to alert owners to liens filed against the property. The Joneses assert that exempting an entire subset of contractors from this notice requirement, viz. general contractors who do not hire subcontractors, defeats the spirit of the law. We disagree. The purpose of the statute is twofold. It requires identification of "who was working on the property" and notice of any claims by those persons. In short, the statute is intended to provide the owner with the identity of subcontractors unknown to the owner who might have potential claims against the property and provide a

mechanism to force the subcontractors to file notice of any potential claims. The Joneses' interpretation of the statute is overbroad in the sense that it would require a contractor who did not hire any subcontractors to provide notice to the homeowner that the contractor was performing work on the property. This is obviously unnecessary and puts form over substance. In contrast, Standard Water's interpretation—that only general contractors who hire subcontractors provide the required notice—is in accord with the purpose of the statute without requiring the general contractor to engage in unnecessary filing.

The Joneses contend the statute as a whole supports their interpretation. The Joneses rely on section 572.13A(4): "A general contractor who fails to provide notice pursuant to this section is not entitled to a lien and remedy provided by this chapter." They assert this section compels all general contractors to provide the notice of commencement of work as a prerequisite to filing and enforcing a mechanic's lien. The Joneses' position is circular. While the section upon which they rely provides that a general contractor who fails to provide notice pursuant to the statute is not entitled to the lien, the statute does not identify the class of general contractors required to provide notice pursuant to the statute. The Joneses' reliance on this provision merely presumes the answer to the relevant question.

We conclude the statute as a whole supports Standard Water's interpretation. Standard Water invokes section 572.13, the "owner notice" section. That section requires a "general contractor who has contracted or will contract with a subcontractor" to provide the owner with a notice that persons or companies improving real property may be entitled to a lien upon the improved

property. Iowa Code § 572.13. A nearly identical section (substituting the phrase "original contractor" for "general contractor") was in effect prior to 2013 as well. *See* Iowa Code § 572.13 (2011). Standard Water argues that because section 572.13 relates to general contractors who hire subcontractors, it follows that section 572.13A also relates to general contractors who hire subcontractors. There is persuasive force in creating a parallel between the two provisions.

Section 572.13B also provides support for Standard Water's interpretation. That section requires subcontractors to provide a "preliminary notice" identifying themselves. Iowa Code § 572.13B(1). Such notice is posted on the MNLR site. Iowa Code § 572.13B(1). The notice is also mailed to the owner by the secretary of state. Iowa Code § 572.13B(2). The notice is not, however, mailed to owner-builders. Iowa Code § 572.13B(2). Presumably, this is because owner-builders have the same relationship with subcontractors as do general contractors with subcontractors; that is, they are directly contracting with one another and do not need to identify themselves.

Three sections of the chapter thus effectuate the twofold purpose of the statute: a general contractor who hires subcontractors unknown to the owner provides the owner with notice of said subcontractors (section 572.13), a general contractor or owner-builder who has contracted or will contract with a subcontractor posts a notice when work commences (section 572.13A), and a subcontractor posts a notice identifying themselves in situations where they might otherwise be unknown to owners (section 572.13B). These three sections work in concert to identify persons working on the property and to provide adequate notice of any claims by those persons.

The Joneses contend the administrative code controls the issue, relying on rule 721-45.4(1). The rule provides: "A general contractor for residential construction shall post a notice of commencement of work to the MNLR within ten days of commencement of work, or the general contractor is not entitled to a lien or remedies provided in Iowa Code chapter 572." Iowa Admin. Code r. 721-45.4(1). The Joneses argue the rule clearly required Standard Water to file a notice of commencement of work within ten days as a prerequisite to obtaining and enforcing a lien and lien remedies and the rule is entitled to deference. The Joneses state agency deference is proper when the legislature has "clearly vested an agency with the authority to interpret the statutory provision at issue." The argument fails, however, because the legislature has not done so in this case. The Iowa legislature gave the secretary of state the power to "creat[e] and administ[er] the [MNLR]." Iowa Code § 572.34(1). The power to create and administer an online registry is not the same as interpretive power. *See NextEra Energy Res. LLC v. Iowa Utils. Bd.*, 815 N.W.2d 30, 37 (Iowa 2012) ("[T]he fact that an agency has been granted rule making authority does not 'give an agency the authority to interpret *all* statutory language.'" (citations omitted)). "[B]road articulations of an agency's authority, or lack of authority, should be avoided in the absence of an express grant of broad interpretive authority." *Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 14 (Iowa 2010). If an agency has not clearly been vested with the authority to interpret, the court does not owe that agency's interpretation deference. *See* Iowa Code § 17A.19(10)(c).

In sum, we conclude Standard Water's interpretation of the statute is superior to the Joneses'. Standard Water's interpretation does the most service

to the stated intent of the law. It is consistent with the text of the statute. It is consistent with other language used in the statute as a whole. It advances the public policy interest in informing homeowners of subcontractors of whom they may otherwise not be aware who may be filing a late lien against the property. In contrast, in reading the statute, we find no public policy interest in informing homeowners of general contractors whom they themselves have hired.

## II.

The Joneses next argue a portion of the parties' contract is unenforceable. Our scope of review is for correction of errors at law. *See LeMars Mut. Ins. Co. v. Farm & City Ins. Co.*, 494 N.W.2d 216, 217 (Iowa 1992). Section 7 of the parties' agreement states:

> [Standard Water] will not be responsible for any damages to hidden or unknown installments under the floor, or under or behind the walls. [Standard Water] will not be responsible for any damages to any framed wall components that shift, move, fall or are altered during interior drain tile installation. It is [the Joneses'] responsibility to bring walls, floors, and other impacted areas back to their original condition and [Standard Water] will not be liable for damages attributable thereto.

The Joneses argue this clause is void under Iowa law because it is an improper indemnity clause under Iowa Code section 537A.5(2), which provides:

> [A] provision in a construction contract that requires one party to the construction contract to indemnify, hold harmless, or defend any other party to the construction contract, including the indemnitee's employees, consultants, agents, or others for whom the indemnitee is responsible, against liability, claims, damages, losses, or expenses, including attorney fees, to the extent caused by or resulting from the negligent act or omission of the indemnitee or of the indemnitee's employees, consultants, agents, or others for whom the indemnitee is responsible, is void and unenforceable as contrary to public policy.

The district court found that the statute only "voids indemnification clauses and section 7 is not an indemnification clause." The district court found this clause

did not apply to claims between the parties and that indemnity occurs when a claim is "brought by persons not a party to the provision."

We agree with the district court. The contract section is not void because it is not an indemnity clause. "An indemnification clause 'does not apply to claims between the parties to the agreement. Rather it obligates the indemnitor to protect the indemnitee against claims brought by persons not a party to the provision.'" *FNBC Iowa, Inc. v. Jennessey Grp., L.L.C.*, 759 N.W.2d 808, 811 (Iowa Ct. App. 2008) (citation omitted). In this action between the parties, there is no indemnity clause.

III.

Finally, the Joneses dispute the attorney fees award. In a mechanic's lien action, a prevailing plaintiff may be awarded reasonable attorney fees. Iowa Code § 572.32. The supreme court has stated that the following are appropriate factors to consider in taxing a fee in such a case:

> a. the time necessarily spent;
> b. the nature and extent of the service;
> c. the amount involved;
> d. the difficulty of handling and importance of the issues;
> e. the responsibility assumed and results obtained;
> f. the standing and experience of the attorney in the profession and the customary charges for similar service.

*See Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 24 (Iowa 2001).

Standard Water sought an attorney fees award of $56,014.25. The district court granted an award of fees but reduced the amount to $43,835.25 upon review of the fees requested. The award of attorney fees "is vested in the district court's broad, but not unlimited discretion." *Baumhoefener Nursery, Inc. v. A & D P'ship, II*, 618 N.W.2d 363, 368 (Iowa 2000). "The district court must look at the

whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case." *Landals v. George A. Rolfes, Co.*, 454 N.W.2d 891, 897 (Iowa 1990).

In light of our consideration of the *Schaffer* factors, we are not persuaded the attorney fees award should stand. While recognizing that undue emphasis on the size of the judgment is improper, the fee award exceeded 800% of the underlying judgment. *Cf. Paper's Lumber & Supply v. Schipper*, No. 12-0103, 2013 WL 750410, at *5 (Iowa Ct. App. Feb. 27, 2013) (rejecting argument fee award "above a certain percentage of the underlying judgment is per se unreasonable," but noting fee award was "just over forty percent of the underlying judgment"). In addition, the district court underemphasized the time *necessarily* spent on this matter given the limited amount at issue and the limited factual issue presented. We remand for additional fact-finding to determine an award consistent with the facts presented in this case and the *Schaffer* factors.

IV.

We have considered each of the Joneses' arguments, whether set forth in full herein. We affirm the judgment of the district court in part and remand for further proceedings on the attorney fees award.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**