# IN THE COURT OF APPEALS OF IOWA

No. 17-0854
Filed February 7, 2018

**STANDARD WATER CONTROL SYSTEMS, INC.,**
　　　　Plaintiff/Counterclaim Defendant-Appellee,

**vs.**

**MICHAEL D. JONES and CORI JONES,**
　　　　Defendants/Counterclaim Plaintiffs-Appellants.
_____

　　　　Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


　　　　Defendants appeal the district court's grant of trial and appellate attorney fees to plaintiff on remand. **AFFIRMED.**



　　　　John F. Fatino of Whitfield & Eddy, P.L.C., Des Moines, for appellants.

　　　　Jodie C. McDougal and Elizabeth R. Meyer of Davis Brown Law Firm, Des Moines, for appellee.



　　　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ. Blane, S.J., takes no part.

**BOWER, Judge.**

Michael and Cori Jones (the Joneses) appeal the district court's grant of trial and appellate attorney fees to Standard Water Control Systems, Inc. (Standard Water) on remand. We find the district court did not abuse its discretion in awarding trial attorney fees or attorney fees for a previous appeal. We do not award any attorney fees for the present appeal. We affirm the decision of the district court.

### I.        Background Facts & Proceedings

On November 5, 2014, Standard Water obtained a judgment against the Joneses for $5400, plus interest of twelve percent, and costs and attorney fees, on its action for foreclosure of a mechanic's lien and breach of contract based on work Standard Water performed at the Joneses' home.[1] After a separate hearing, the district court entered an order on February 11, 2015, finding Standard Water was entitled to attorney fees of $43,835.25, and costs of $559.04.

The Joneses appealed the district court's decision. We affirmed the award of damages under the mechanic's lien. *Standard Water Control Sys., Inc. v. Jones*, 888 N.W.2d 673, 678 (Iowa Ct. App. 2016). In looking at the award of attorney fees, we looked at the factors found in *Schaffer v. Frank Moyer Construction, Inc.*, 628 N.W.2d 11, 24 (Iowa 2001). *Id.* at 679. We stated:

---

[1] The court determined there was work worth about $500 which had not been performed. The court ruled either the Joneses should permit Standard Water to complete the work or the judgment would be reduced by $500. The Joneses decided not to have Standard Water complete the work, and the judgment was subsequently reduced to $4900.

In light of our consideration of the *Schaffer* factors, we are not persuaded the attorney fees award should stand. While recognizing that undue emphasis on the size of the judgment is improper, the fee award exceeded 800% of the underlying judgment. *Cf. Paper's Lumber & Supply v. Schipper*, No. 12–0103, 2013 WL 750410, at *5 (Iowa Ct. App. Feb. 27, 2013) (rejecting argument fee award "above a certain percentage of the underlying judgment is per se unreasonable," but noting fee award was "just over forty percent of the underlying judgment"). In addition, the district court underemphasized the time *necessarily* spent on this matter given the limited amount at issue and the limited factual issue presented. We remand for additional fact-finding to determine an award consistent with the facts presented in this case and the *Schaffer* factors.

*Id.* The Joneses' request for further review was denied by the Iowa Supreme Court.

A hearing was held on remand. The district court reviewed all of the billings submitted by legal counsel for Standard Water in which they had originally sought legal fees of $56,014.25. The court made further reductions, finding some expenses should be reduced or eliminated, and concluded Standard Water was entitled to trial attorney fees of $41,670.25. In addition, Standard Water sought appellate attorney fees of $29,144. The court determined Standard Water was not entirely successful on appeal and reduced the appellate attorney fee award to $17,283.44. In total, the court found the Joneses should pay $58,953.69 for Standard Water's attorney fees.

The Joneses filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), claiming Standard Water should only be entitled to those fees necessary to prove the mechanic's lien. They also filed a motion to reopen the record, stating a recent amendment to the mechanic's lien statute was relevant to

the issue of attorney fees. The court entered an order on May 9, 2017, denying the Joneses post-trial motions. The Joneses now appeal.

## II. Standard of Review

The district court has broad, but not unlimited, discretion in awarding attorney fees in a mechanic's lien case. *Baumhoefener Nursery, Inc. v. A & D P'ship, II*, 618 N.W.2d 363, 368 (Iowa 2000). "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Id.* Thus, on appeal, we do not substitute our judgment for that of the district court but consider whether the court abused its discretion. *See De Stefano v. Apts. Downtown, Inc.*, 879 N.W.2d 155, 164 (Iowa 2016) (noting we review a district court's award of attorney fees for an abuse of discretion).

## III. Merits

The Joneses claim the award of attorney fees in this case is excessive. They point out the award of trial and appellate attorney fees in the remand decision is more than twelve times the amount of the judgment. The Joneses state the district court did not sufficiently reduce the amount of the trial attorney fees in the remand decision and the total amount of attorney fees increased due to the addition of appellate attorney fees. They ask to have the amount of attorney fees reduced to reflect the amount actually necessary to obtain the judgment.

In *Schaffer*, 628 N.W.2d at 23-34, the Iowa Supreme Court stated:

An applicant for attorney fees has the burden to prove that the services were reasonably necessary and that the charges were reasonable in amount. The appropriate factors for the district court to consider in awarding attorney fees

> include the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service.
>
> Additionally, "[t]he district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case."

(Citations omitted.)

We consider the district court to be an expert on the matter of attorney fees. *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990). In considering attorney fees, a court "may make reductions for 'partial success, duplicative hours, or hours not reasonably expended.'" *Lee v. State*, ___ N.W.2d ___, ___, 2018 WL 387939, at *8 (Iowa 2018) (citation omitted). The proportionality of the award to the amount of attorney fees is one factor to consider, but it cannot be the sole factor in determining the amount of attorney fees. *See Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990).

**A.** Looking at the factor of proportionality alone could lead to the conclusion the award of trial attorney fees is excessive. The district court, however, properly considered the whole picture. The court looked at all of the factors set out in *Schaffer* and stated:

> With these factors in mind the court reviewed the pleadings filed by the parties, including but not limited to all pre-trial motions and the motion for summary judgment, the submissions in support and in opposition to the motions, and the court's rulings. The court outlined in detail its review of the time entries and indicated where the court felt the time was not necessary or duplicative and reduced the fee award by that amount. This court acknowledged that the attorney fee request gave it pause, and that is why the court conducted a thorough review of the pleadings and pretrial matters

prior to trial so that the court would understand why the time involved was substantial.

The district court conducted an extensive review of the records submitted to support Standard Water's request for trial attorney fees, looking at "the time *necessarily* spent on this matter given the limited amount at issue and the limited factual issue presented," as required in our previous opinion. *See Standard Water Control Sys.*, 888 N.W.2d at 679. After engaging in this review, the court reduced the award of trial attorney fees from $43,835.25 to $41,670.25.

We conclude the district court did not abuse its discretion in determining the amount of trial attorney fees. This case involves an extensive procedural history, including a matter of first impression concerning the interpretation of Iowa Code section 572.13A(1) (2013). *See id.* at 675. There was zealous representation by both parties throughout the case. Although the award of trial attorney fees seems high, we find it is supported by the specific circumstances of the case.

**B.** The Joneses also claim the award of appellate attorney fees was excessive. Standard Water sought appellate attorney fees of $29,144. The district court found Standard Water was not entirely successful on appeal because the issue of trial attorney fees had been vacated and remanded. The court reviewed the hours billed for appellate work and the hourly rates paid to the attorneys working on the appeal. After considering whether the bills were reasonable and necessary, the court determined Standard Water should be awarded $17,283.44 in appellate attorney fees.

The parties do not dispute whether Standard Water was entitled to appellate attorney fees. *See Schaffer*, 628 N.W.2d at 23. The issue is whether the district court abused its discretion in determining the amount of the attorney fees. *See id.* at 22. We find the district court properly considered the factors found in *Schaffer* in calculating the appellate attorney fee award. The issue of first impression concerning the interpretation of section 572.13A(1) was raised on appeal, necessitating briefing on the subject. Also, the parties appeared for oral arguments. We conclude the district court did not abuse its discretion in awarding attorney fees for the appeal.

**C.** Standard Water seeks attorney fees for this appeal. In its appellate brief, it states it will submit an attorney fee affidavit for this second appeal. A review of the appellate docket, however, does not show an affidavit of attorney fees was filed. Because we do not have any information to support the award of attorney fees for this appeal, we do not award any appellate attorney fees. *See Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009) (noting a party seeking attorney fees has the burden to prove the fees were reasonable and necessary, generally by submitting a detailed affidavit itemizing the fee claims).

We affirm the decision of the district court. We do not award any attorney fees for this appeal.

**AFFIRMED.**