**IN THE COURT OF APPEALS OF IOWA**

No. 17-1255
Filed August 1, 2018

**LM CONSTRUCTION LLC,**
     Plaintiff-Appellant,

**vs.**

**HGIK HOSPITALITY LLC,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Story County, Steven J. Oeth, Judge.


     A contractor appeals from the district court's grant of summary judgment on

a petition to foreclose a mechanic's lien. **AFFIRMED.**



     Valerie A. Cramer of Cramer Law, PLC, Des Moines, for appellant.

     Elizabeth R. Meyer of Davis Brown Law Firm, Des Moines, for appellee.



     Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

LM Construction (LM) appeals the district court's granting of summary judgment to HGIK Hospitality LLC (HGIK). LM contends the district court erred by striking its amended resistance to summary judgment, and finding LM improperly filed a mechanics lien. We affirm.

## I.  Background Facts and Proceedings

LM is an Iowa limited liability company based in Des Moines Iowa. HGIK is also an Iowa limited liability company with its principal office in Irving, Texas.

HGIK owns real estate in Ames, Iowa, and entered into a contract with DDG Construction, LLC (DDG), as general contractor to build a commercial hotel on the property. DDG subsequently hired ESC LLC d/b/a Empire Group (Empire) to work as a subcontractor on the project.

On October 28, 2015, Empire contracted LM to put up drywall in the hotel, including providing labor and materials.[1]  LM's contract is specifically with Empire. In the contract with LM, Empire is designated as a general contractor with LM listed as subcontractor. LM claims to have started work the next day. LM mailed a notice in November to HGIK regarding furnishing drywall labor and materials to the project and specifying the materials and labor were being provided to Empire. HGIK claims it never received the notice.

At some point Empire appears to have been fired from the project. Empire paid for the work completed by LM up to the time it was fired. LM claims DDG

---

[1]  The contract between Empire and LM covered two properties—one in Ames, and one in Altoona. LM's work on the other property is the subject of the appeal in *LM Construction LLC v. Altoona Hospitality LLC*, No. 17-1060, also decided today.

managers approached LM and requested he complete the work, promising to pay pursuant to the Empire contract.[2]  LM completed the work on or about April 1, 2016, at a cost of an additional $96,915.  LM submitted an invoice for work completed.  DDG did not pay LM.

On April 28, LM filed a mechanic's lien for the amount due for the work on the Ames property for the time after the departure of Empire, pursuant to Iowa Code sections 572.2 and 572.8 (2016).  The lien was filed on the Iowa Mechanic's Notice and Lien Registry.

On September 21, LM filed a petition to foreclose on the mechanic's lien against HGIK and DDG in Polk County.  In November and again in December, LM filed amended petitions, dropping the claim against DDG and moving the case to Story County.  On June 13, 2017, HGIK moved for summary judgment.  LM filed a timely resistance on June 28.  On July 10, the court held a hearing on the motion for summary judgment, which it granted on July 12.  LM appeals.

## II.    Standard of Review

Actions to enforce mechanic's liens are equitable proceedings, and normally reviewed de novo.  *Standard Water Control Sys., Inc. v. Jones*, 888 N.W.2d 673, 675 (Iowa Ct. App. 2016).  However, we review a district court's grant of summary judgment for correction of errors at law.  Iowa R. App. P. 6.907. Summary judgment is properly granted when the moving party demonstrates there is no genuine issue of material fact and they are entitled to judgment as a matter

---

[2]  LM was unable to obtain affidavits from the DDG managers hiring the company or other subpoenaed documents prior to submitting its reply to HGIK's motion for summary judgment.

of law. *W. Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993). An issue is genuine "if the evidence is such that a reasonable finder of fact could return a verdict or decision for the nonmoving party." *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006). We also review the record in the light most favorable to the nonmoving party. *Minor v. State*, 819 N.W.2d 383, 393 (Iowa 2012).

While we review the evidence in the light most favorable to the nonmoving party, the resisting party "may not rest upon the mere allegations of [their] pleading but must set forth specific facts showing the existence of a genuine issue for trial." *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005) (citing Iowa R. Civ. P. 1.981(5)). Mere "speculation is not sufficient to generate a genuine issue of fact." *Id.*

### III.    Preservation of Error

LM contended before the district court, and again on appeal that DDG hired LM after Empire was released from its contract. The district court made no finding on the question in its ruling for summary judgment. In order for us to review an issue, it must ordinarily be raised and decided by the district court. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To preserve error on an issue presented but not decided by the district court, the challenging party must request a ruling from the district court to amend and enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2). *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002).

LM did not file a rule 1.904(2) motion for a determination by the court on whether a contract existed between DDG and LM, which would except LM from the notice requirements of Iowa Code section 572.33. We conclude LM did not preserve error on the question whether LM had a contract directly with DDG. We

do not address issues where error has not been preserved. *State v. Lawler*, 571 N.W.2d 486, 491 (Iowa 1997).

### IV. Merits

Under Iowa's mechanic's lien law, a sub-subcontractor is only entitled to a lien if it notifies the general contractor in writing. Iowa Code § 572.33. LM claims it was a subcontractor hired by DDG following the departure of Empire. As stated above, error was not preserved on that issue. Alternatively, LM claims either that Empire was the general contractor when LM began work, or that HGIK is an owner-builder and the notice sent to HGIK fulfills the notice requirement of section 572.33.

HGIK produced DDG's contract with Empire, dated October 13, 2015. In that contract, Empire is specifically listed as subcontractor and DDG as contractor. No evidence in the record indicates Empire contracted directly with HGIK, a requirement for Empire to be a general contractor as defined in Iowa Code section 572.1(3). Empire's subsequent contract with LM listing Empire as general contractor does not change the nature of the contractual relationships between and among Empire, DDG, and HGIK, either directly or through the chain of contracts.

LM argues that because DDG did not file documentation with the Secretary of State as general contractor, a question of fact exists as to whether DDG was general contractor. However, Iowa's mechanic's lien law, Iowa Code chapter 572, contains no requirement that a general contractor of a *commercial* construction project provide notice to the secretary of state. *Cf.* Iowa Code § 572.13A (requiring residential construction general contractors provide notice in the registry within ten days of commencing work). While a notice for commercial construction projects

notifying parties hired by subcontractors of the identity of the general contractor to facilitate compliance with section 572.33 might be a good and logical practice, it is not a requirement under current law.

LM alternatively argues that HGIK qualified as an owner-builder for purposes of section 572.33 notice. In particular, LM claims HGIK and DDG have common ownership, making it an owner-builder, though no evidence to that effect was presented to the district court. Iowa Code section 572.1(9) defines an owner-builder for purposes of mechanic's liens as:

> the legal or equitable titleholder of record who furnishes material for or performs labor upon a building . . . or who contracts with a subcontractor to furnish material for or perform labor upon a building . . . and who offers or intends to offer to sell the owner-builder's property without occupying or using the structures, properties, developments, or improvement for a period of more than one year from the date the . . . property . . . is substantially completed or abandoned.

HGIK did not furnish material, perform labor, contract with a subcontractor, or sell without using the property for at least one year from completion, and so does not qualify as an owner-builder under the statute. Common ownership of the owner and general contractor on a project is not sufficient to render the property owner an owner-builder. Because HGIK is not an owner-builder, the notice sent by LM to HGIK does not fulfill the requirements of section 572.33

We conclude LM did not follow the procedural requirements for entitlement to file a mechanic's lien for work done when working for subcontractor Empire. Error was not preserved on the issue of a contractual relationship between LM and DDG to support a mechanic's lien for work performed after the departure of

Empire.  LM may have other remedies available but on these facts does not have a claim under Iowa's mechanics' lien law.

    **AFFIRMED.**