# IN THE COURT OF APPEALS OF IOWA

No. 18-0379
Filed May 15, 2019

**ARTHUR JOHN CHUMBLEY,**
    Plaintiff-Appellee,

**vs.**

**LYMAN ENTERPRISES, L.C.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

Lyman Enterprises, L.C., appeals the judgment entered in favor of Arthur Chumbley on his action to enforce a mechanic's lien. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for appellant.

Kirk W. Bainbridge and Kimberley K. Baer of Baer Law Office, Des Moines, for appellee.

Considered by Potterfield, P.J., Tabor, J., and Carr, S.J.* Gamble, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Lyman Enterprises, L.C., appeals the judgment entered in favor of Arthur Chumbley on his action to enforce a mechanic's lien. It contends the district court erred in finding Chumbley was entitled to reasonable charges totaling $38,927.20 after offsets and attorney fees amounting to $50,134.34.

Both parties agree that our review of this equity action is de novo. *See* Iowa R. App. P. 6.907; *Flynn Builders, L.C. v. Lande*, 814 N.W.2d 542, 545 (Iowa 2012). We therefore give weight to the district court's factual findings, although we are not bound by them. *See Flynn Builders*, 814 N.W.2d at 545. Because actions to enforce a mechanic's lien involve "almost entirely questions of fact and credibility, and the trial court with the witnesses before it was in a much better position to decide these questions than are we with only the exhibits and the cold record to aid us." *A & R Concrete & Constr. Co. v. Braklow*, 103 N.W.2d 89, 91 (Iowa 1960). The award of attorney fees "is vested in the district court's broad, but not unlimited discretion." *Standard Water Control Sys., Inc. v. Jones*, 888 N.W.2d 673, 679 (Iowa Ct. App. 2016).

Lyman Enterprises hired Chumbley to perform subcontracting work on an investment property. Upon finishing the work, Chumbley provided Lyman Enterprises with an invoice claiming it owed $254,608.59 for labor and materials. Lyman Enterprises disputed the amount owed. When the parties were unable to resolve the dispute, Chumbley initiated this action to foreclose a mechanic's lien. Following a bench trial, the district court found that Chumbley overcharged for the work Lyman Enterprises authorized him to perform in addition to performing work that Lyman Enterprises did not authorize or agree to. It found a fair and

reasonable charge for the authorized work Chumbley performed to be $86,500. After deducting the payments Lyman Enterprises had already made and reimbursement for a lift rental, the court determined that Chumbley was entitled to judgment in the amount of $38,927.20. The court also determined that Chumbley was entitled to an award of reasonable attorney fees pursuant to Iowa Code section 573.32(1) (2016). Because Chumbley was only partially successful, the court discounted his $66,845.79 claim for attorney fees and costs by twenty-five percent and ordered Lyman Enterprises to pay $50,134.34 of Chumbley's attorney fees.

Lyman Enterprises contends there is insufficient evidence to support the district court's determination that the fair and reasonable charge for the authorized work performed amounts to $86,500. It asserts that Chumbley "is, at most, entitled to a total credit of $44,863 for work that was performed in a workmanlike manner." Subtracting from that the payments made and ordered reimbursement, Lyman Enterprises claims Chumbley owes it $2709.80. We disagree. Affording the district court's findings the deference they are due, we affirm its determination that Chumbley is entitled to recover $38,927.30 for the fair and reasonable value of the materials and labor he furnished.

Lyman Enterprises also challenges the award of Chumbley's attorney fees and costs under section 572.32. It notes that in making the award, the district court cited *Schaffer v. Frank Moyer Construction Co.,* 628 N.W.2d 11, 22-33 (Iowa 2001), in which our supreme court held that the attorney-fee provision of section 572.32 was mandatory. However, the legislature later amended the statute to make an award of attorney fees discretionary rather than mandatory. *See Thorson*

*v. Hoyland*, No. 11-0630, 2012 WL 170677, at *6 (Iowa Ct. App. Jan. 19, 2012) (comparing Iowa Code § 572.32 (2009) (providing attorney fees *may* be awarded) with *Schaffer*, 628 N.W.2d at 22 (noting 1997 Code provides attorney fees *shall* be awarded to prevailing plaintiff)). Because the district court erred in concluding an award of attorney fees was mandatory under section 572.32, an abuse of discretion occurred. *See Stender v. Blessum*, 897 N.W.2d 491, 501 (Iowa 2017) (stating the district court abuses its discretion if it bases its conclusions on an erroneous application of law). Accordingly, we reverse the portion of the court's order awarding Chumbley attorney fees and remand to the district court to determine whether, in its discretion, Chumbley is entitled to such an award.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**