# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0878
Filed May 13, 2026

————————————

**C&S Lease Service, LLC,**
Plaintiff–Appellant,

v.

**Northern Natural Gas Company, all unknown lien holders of property locally known as 2315 Yale Avenue, Garner, Iowa, 50438, and All Parties in Possession,**
Defendants–Appellees.

————————————

Appeal from the Iowa District Court for Hancock County,
The Honorable Rustin Davenport, Judge.

————————————

**AFFIRMED**

————————————

John E. Lande (argued) and William M. Reasoner of Dickinson, Bradshaw, Fowler, & Hagen, P.C., Des Moines, attorneys for appellant.

Jackson G. O'Brien (argued) and Jodie C. McDougal of Fredrickson & Byron, P.A., Des Moines, attorneys for appellee Northern Natural Gas Company.

————————————

Heard at oral argument
by Schumacher, P.J., Chicchelly, J., and Mullins, S.J.
Opinion by Schumacher, P.J.

1

**SCHUMACHER, Presiding Judge.**

C&S Lease Service, LLC (C&S) appeals the district court's grant of summary judgment in favor of Northern Natural Gas Company on C&S's petition seeking foreclosure of a mechanic's lien. The district court concluded C&S failed to comply with the statutory notice requirements necessary to preserve lien rights under Iowa Code section 572.33 (2024). Because no genuine issues of material fact exist and Northern Natural Gas Company was entitled to judgment as a matter of law, we affirm.

## I.     Background Facts and Proceedings

Northern Natural Gas Company (NNG) owns real property in Garner upon which it operates a liquefied natural gas facility. In June 2023, NNG contracted with K & K, Inc. (K & K) to act as the general contractor for renovation and construction work at the facility. The project constituted commercial construction governed by Iowa Code chapter 572. K & K subcontracted portions of the work to Wy-Con, LLC (Wy-Con), which in turn retained C&S to furnish labor and materials. C&S had no direct contractual relationship with either NNG or K & K.

C&S began performing work in August 2023. Wy-Con submitted invoices for its work to K & K, and K & K paid those invoices in full. The invoices submitted by Wy-Con did not include C&S's charges and made no reference to C&S. During construction, C&S was not identified to K & K as a subcontractor or sub-subcontractor, except incidentally on two occasions. First, K & K received a forwarded e-mail concerning an unrelated training matter that included a C&S employee's domain name and signature block. Second, Wy-Con transmitted an insurance certificate to K & K listing C&S as the policyholder. When K & K sought clarification, Wy-Con explained that

C&S functioned merely as a "passthrough entity" for insurance purposes, and no further information was provided.

After Wy-Con failed to pay C&S for all labor and materials allegedly furnished, C&S filed a mechanic's lien against NNG's property on March 28, 2024. The lien did not certify that C&S had provided written notice to the general contractor, as required for sub-subcontractors under Iowa Code section 572.33.

On August 2, 2024, C&S commenced this action seeking foreclosure of its mechanic's lien and leave to amend the lien filing. NNG answered, denying liability and asserting that C&S failed to comply with the statutory notice requirements necessary to preserve lien rights. *See* Iowa Code § 572.33 (setting forth notification requirements prerequisite to a valid mechanic's lien for commercial construction). C&S responded that the forwarded e-mail relating to the training matter satisfied Iowa Code section 572.33(2)(a) because the C&S employee's signature block contained the name, address, and contact information specified by statute.

NNG moved for summary judgment, arguing C&S did not provide the notice required by section 572.33(2)(a) and therefore was not entitled to a mechanic's lien as a matter of law. C&S resisted and filed a cross-motion for summary judgment, contending that written communications exchanged during the project satisfied the statutory notice requirement or, alternatively, that any deficiency was technical and subject to amendment.

Following a hearing, the district court granted summary judgment in favor of NNG. The court concluded that although strictly speaking C&S conveyed the required information, it failed to provide the notice contemplated by the statute's purpose and intent. C&S appeals.

## II.    Standard of Review

Our review of the district court's ruling on a motion for summary judgment is for the correction of errors at law.[1] *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018). Summary judgment is appropriate when the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* We likewise review questions of statutory interpretation raised in the summary-judgment context for correction of legal error. *Id.*

## III.    Analysis

C&S claims the district court erred by denying its motion for summary judgment because C&S "provided statutory notice required by Iowa Code [section] 572.33." "Our first task in interpreting a statute is to determine whether the relevant language is ambiguous. 'If the statutory language is plain and the meaning clear, we do not search for legislative intent beyond the express terms of the statute.'" *Borst Bros. Constr., Inc. v. Fin. of Am. Com., LLC*, 975 N.W.2d 690, 699 (Iowa 2022) (citation omitted). Here, neither party disputes that the statute is clear and unambiguous.

Section 572.33 sets forth the notice obligations imposed on sub-subcontractors seeking to preserve their mechanic's lien rights:

> 1. The notification requirements in this section apply only to commercial construction.

---

[1] C&S maintains the standard of review of an action to enforce a mechanic's lien is de novo. But, "[a]lthough an action to enforce a mechanic's lien is in equity, this case involves an appeal from a ruling on motions for summary judgment and is thus reviewed for corrections of errors at law." *Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 535 (Iowa 2019).

> 2. A person furnishing labor or materials to a subcontractor shall not be entitled to a lien under this chapter unless the person furnishing labor or materials does all of the following:
>
> a. Notifies the general contractor or owner-builder in writing with a *one-time notice containing the name, mailing address, and telephone number of the person* furnishing the labor or materials, and the name of the subcontractor to whom the labor or materials were furnished, within thirty days of first furnishing labor or materials for which a lien claim may be made. Additional labor or materials furnished by the same person to the same subcontractor for use in the same construction project shall be covered by this notice.

(Emphasis added).

C&S argues that "[a]ll that [section] 572.33 requires is that notification with the information identified in the statute be sent to K & K," and "[t]he undisputed record shows that C&S provided all of the information required by the statute." While the statute requires that notice be provided and must contain at a minimum the name, mailing address, and phone number, the obligation is not a mere procedural formality. The reference to "a one-time notice" found in Iowa Code section 572.33(2)(a) reflects the expectation of an individual, discrete, and intentional communicative act.

This court has described the requirements of section 572.33 for a sub-subcontractor as "more stringent" than other chapter 572 notice requirements. *LM Constr. LLC v. Altoona Hosp. LLC*, No. 17-1060, 2018 WL 3654847, at *1 (Iowa Ct. App. Aug. 1, 2018). In *LM Construction*, a sub-subcontractor appealed the district court's order granting summary judgment in favor of a general contractor upon finding the sub-subcontractor improperly filed its mechanic's lien on a commercial construction project because it failed to follow the requirements of section 572.33. *Id.* On appeal, the sub-subcontractor maintained that a factual issue precluded summary judgment—i.e., its knowledge of the identity of the general contractor. *Id.*

at *2. The sub-subcontractor claimed it was not "informed" of the identity of the general contractor "within the statutory time frame—thirty days from first furnishing labor or materials—to allow [it to] provide the required notice," and therefore the district court erred in granting summary judgment and dismissing its petition. *Id.* at *3. This court rejected the sub-subcontractor's claim, stating in part:

> This claim shines a light on a gap in Iowa's mechanic's lien law leaving sub-subcontractors vulnerable to a lack of notice of the identity of a general contractor. However, we must apply the law as written. The statute is clear and unambiguous. The statute does not include a trigger requirement of knowledge or imputed knowledge of the identity of the general contractor for section 572.33 to apply. [The sub-subcontractor] LM did not provide notice to the general contractor, DDG, within thirty days of commencing work, and so by statute is not entitled to a mechanic's lien. At present, the proper remedy for LM's claim lies within contract and tort actions, not under the mechanic's lien law.

*Id.* (internal citations omitted); *see also LM Constr. LLC v. HGIK Hosp. LLC*, No. 17-1255, 2018 WL 3650334, at *3 (Iowa Ct. App. Aug. 1, 2018) (similarly concluding "LM did not follow the procedural requirements for entitlement to file a mechanic's lien for work done when working for subcontractor Empire").

Turning to the claim before us, it is helpful not only to read the statutory text but also to understand the objective section 572.33 seeks to achieve. *See generally Homan v. Branstad*, 887 N.W.2d 153, 166 (Iowa 2016). The sub-subcontractor's "notice to the principal contractor could help assure the principal contractor pays the suppliers when the subcontractor is in a difficult financial position." Roger W. Stone, *Mechanic's Liens in Iowa–Revisited*, 49 Drake L. Rev. 1, 30–31 (2000) (discussing the purposes and potential impediments of section 572.33). The provision also allows the general contractor to manage lien exposure and provide oversight so that

owners are not subjected to the risk of duplicate payments. *See generally Standard Water Control Sys., Inc. v. Jones*, 888 N.W.2d 673, 676 (Iowa Ct. App. 2016) (interpreting section 572.13A and observing "the statute is intended to provide the owner with the identity of subcontractors unknown to the owner who might have potential claims against the property and provide a mechanism to force the subcontractors to file notice of any potential claims"); *see also* Iowa Code § 572.13B (requiring subcontractors to provide notice identifying itself when it might otherwise be unknown to an owner).

On the question of whether C&S complied with section 572.33, the district court found as follows:

> C&S failed to provide K & K with direct notice of its involvement in this project. K & K never received any notice that C&S was providing services to Wy-Con. Iowa Code § 572.33(2)(a) requires not just providing the name, mailing address, and telephone number of the person furnishing the labor and materials, but also necessitates providing the context as to the importance of the notice. The person receiving the notice needs to understand that C&S was providing labor or materials to a subcontractor. There was nothing in the material that was provided to K & K that told it that C&S was providing labor and materials to a subcontractor. Further, the code section requires that the name of the subcontractor be provided, and the statute requires that the notice be given in such a way that the general contractor gets more than just the name of the subcontractor, but it also gets notice that the subcontractor is having services provided to it by a sub-subcontractor. C&S's interpretation of the statute eliminates provisions of the statute that give notice that a person is furnishing materials or labor. A mere statement of an entity, including a mailing address and phone number, does not provide the notice contemplated by the statute that would let a contractor understand that there existed a sub-subcontractor. Generally, the notice provided must be reasonably calculated to accomplish the purpose of the notice. When interpreting a statute, courts seek reasonable interpretations that will best effect the purpose of the statute and avoid absurd results. C&S failed to provide any notice to K & K that it was a sub-subcontractor which was providing services to Wy-Con. C&S's version of notice involves K & K having to

string multiple documents together to establish that C&S was a sub-subcontractor on the project. C&S did not provide one sufficient clear written notice to K & K that contained its name, mailing address, and telephone number and the fact it was a sub-subcontractor for Wy-Con. C&S did not satisfy the requirements of section 572.33.

(Citations and footnote omitted).

Notice, as a legal construct, is rooted in principles of fundamental fairness and functions to alert parties when their interests may be affected. *See Pro Com. LLC v. Mallory Fire Prot. Servs., Inc.*, No. 15-1420, 2016 WL 7395728, at *5 (Iowa Ct. App. Dec. 21, 2016). Our law says that when evaluating notice, we must not only consider the legislative intent but also use "common sense and sound reasoning." *Woodruff & Son v. Rhoton*, 101 N.W.2d 720, 723 (Iowa 1960). We conclude the legislature did not intend for statutory notice to be satisfied by information buried within incidental correspondence. Rather, section 572.33 requires the sub-subcontractor "to notify the principal contractor in writing with a one-time notice, providing specific information" within a specified time frame. *See* Stone, 49 Drake L. Rev. at 30. In other words, it requires a purposeful communication conveyed in a manner to alert the general contractor of the sub-subcontractor's pre-lien notice. Consistent with that understanding, we concur with the district court that contact information appearing only in the signature block of an unrelated forwarded e-mail concerning training documents, without any indication of C&S's role on the project as a sub-subcontractor, did not constitute the "one-time notice" required by section 572.33, even if the information tracked the statute's text.

C&S persists that the district court has imposed obligations beyond statutory language, but this contention is misplaced and prioritizes form over

substance.[2] The district court did not add any additional "elements" of required information to be provided by C&S beyond the statutory text. The court merely recognized the statute requires more purposeful conduct in supplying that information. The district court appropriately adhered to the statute's purpose as a notice provision.[3] *See Des Moines Flying Serv., Inc. v. Aerial Servs. Inc.*, 880 N.W.2d 212, 220 (Iowa 2016); *Accurate Controls, Inc. v. Cerro Gordo Cnty. Bd. of Supervisors*, 627 F. Supp. 2d 976, 1006 (N.D. Iowa 2009) (interpreting an Iowa notice provision for public construction projects and holding, "Because, Accurate did not, as a matter of law, comply with the notice requirements of Iowa Code § 573.15, the defendants are entitled to summary judgment on that part of Accurate's claim that is for materials furnished on the Jail Project.").

---

[2] When K & K requested an insurance certificate from Wy-Con, the certificate identified C&S by name, prompting K & K to inquire about C&S's involvement. In response, a Wy-Con representative advised K & K that C&S functioned only as "a passthrough entity for insurance purposes." That response, made in direct response to K & K's inquiry, further undermines any claim that the general contractor received meaningful notice of C&S's role as a sub-subcontractor on the project. Viewed in context, these circumstances confirm that any remedy for C&S's alleged nonpayment lies more appropriately in contract or tort claims against Wy-Con, rather than through enforcement of a mechanic's lien against the property owner under Iowa law.

[3] Considering the broader implications of C&S's position, common sense counsels against its requested interpretation of section 572.33. Allowing an isolated signature block embedded in an unrelated forwarded email to satisfy the statutory notice requirement would undermine the protection the legislature intended to afford. Such an interpretation would permit notice to be retroactively pieced together from incidental correspondence and impair a general contractor's ability to meaningfully monitor and manage lien exposure, rather than the clear, deliberate, and purposeful communication the statute contemplates. *See generally Standard Water*, 888 N.W.2d at 678 (observing section 572.13A "advances the public policy interest in informing homeowners of subcontractors of whom they may otherwise not be aware who may be filing a late lien against the property").

We affirm the district court's order granting summary judgment in favor of NNG and dismissing C&S's petition to foreclose its mechanic's lien.[4]

**AFFIRMED.**

---

[4] In light of our resolution of the crux of C&S's appeal, we need not address the requested claim for relief.